UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 2323 CHARMS ROAD, MILFORD TOWNSHIP; One 1977 Twin Engine Beech Aircraft, Registration Number N58EM; Miscellaneous Items of Personal Property Seized Pursuant to Search Warrant; Miscellaneous Items of Personal Property Located at 2323 Charms Road; and $517.00 United States Currency, Defendants.

No. 89–70751.

United States District Court,
E.D. Michigan, S.D.

Jan. 18, 1990.

A. George Best, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

James Burdick, Finkel, Whitefield & Selik, P.C., Southfield, Mich., for claimant David Gershon.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a civil forfeiture case, 21 U.S.C. § 881. On December 5, 1989,[1] 726 F.Supp. 164, the Court ordered plaintiff United States of America to return a 1977 twin engine Beech aircraft, seized in March 1989 by agents of the Drug Enforcement Administration (DEA), to its owner, David Gershon (Gershon). Gershon now moves for an award of costs and attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), on the ground that the government's position in the underlying forfeiture action was not substantially justified.

The government has responded, arguing that a federal magistrate's issuance of a seizure warrant based on probable cause establishes that its position was substantially justified. Because the Court finds that the government's actions regarding the aircraft were not substantially justified, the motion for fees and costs under EAJA is GRANTED. However, no fees

will be awarded until the attorney files an itemized record of his time, and the government has had an opportunity to respond.

### II.

EAJA authorizes the award of attorney fees to a prevailing private litigant in a suit against the United States. EAJA fees must be granted unless the Court finds that the government's position was "substantially justified" or that special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the initial burden of demonstrating substantial justification. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 8, *reprinted in* 1985 U.S.Code Cong. & Admin. News 132, 136; *Trident Marine Construction, Inc. v. District Engineer of the Army Corps of Engineers*, 766 F.2d 974, 980 (6th Cir.1985). In order to carry its burden, the government need only show that its position was "justified in substance or in the main—that is, justified to a degree that would satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490, 504 (1988). Substantial justification requires that the government's position be "more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for government litigation of which a reasonable person would approve." *Id.* 487 U.S. at ——, 108 S.Ct. at 2550, 101 L.Ed.2d at 505. However, the mere fact that the government was the losing party does not necessarily mean that its position was not substantially justified. *Id.* 487 U.S. at ——, 108 S.Ct. at 2552, 101 L.Ed.2d at 507.

### III.

#### A.

 In support of its position, the government asserts that this Court did not overturn the magistrate's finding of probable cause and that, as a result, it has met its burden of showing that its position was

---

**1.** In its order dated December 26, 1989, the Court granted a stay permitting the government to retain the aircraft until January 10, 1990, pending a decision by the government as to

whether to appeal the Court's order of December 5, 1989. The stay has since been dissolved by the Court's order of January 17, 1990.

substantially justified. This argument is sophistry; it misapprehends the operation of a forfeiture proceeding under 21 U.S.C. § 881, the customs laws, and the Supplemental Rules For Certain Admiralty and Maritime Claims. If the government seizes the property without filing a complaint, it must provide the owner of the property with notice. 21 U.S.C. § 881(b)(3) and (b)(4); 19 U.S.C. § 1607. The owner may then file a claim and cost bond; this forces the government initially to file a forfeiture complaint and, if necessary, show at trial that the seizure was justified by probable cause. Thereafter, the claimant to the property bears the burden of showing that the property was not forfeitable under the statute. 19 U.S.C. §§ 1608, 1615; 21 C.F.R. §§ 1316.76, 1316.78 (1989). In this manner, the forfeiture statute meets the due process requirement that a property owner be permitted to contest, at some point, the validity of the initial seizure. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 701–02, 85 S.Ct. 1246, 1251–52, 14 L.Ed.2d 170 (1965).

Given these procedural steps, the fact that the government's complaint fails to survive a motion to dismiss simply cannot be interpreted as legitimizing the initial seizure. Here, though the government did obtain a seizure warrant based on a magistrate's probable cause finding, the constitutionality of the initial seizure was never adjudicated because the government, in its complaint for forfeiture, could not allege sufficient facts to warrant adjudication. Clearly, then, the magistrate's probable cause finding is not justification for the government's actions.

The government also argues that it can be inferred from the principal case cited by Gershon in support of his position, *United States v. Property Located at 4880 S.E. Dixie Highway*, 838 F.2d 1558, 1563 (11th Cir.1988), that a magistrate's finding of probable cause defeats an EAJA petition for fees. This is not so. In finding that the claimant in *Dixie Highway* was entitled to attorney fees under EAJA, the Court of Appeals for the Eleventh Circuit explicitly held that the government's failure to seek preseizure judicial approval did *not*, in and of itself, give rise to an EAJA claim for fees. *Id.* at 1562. The Court of Appeals did emphasize that, in an instance when the government does not obtain a warrant from a magistrate, the forfeiture complaint provides preseizure assurance that probable cause exists for the government to seek forfeiture. *Id.* at 1564. However, in doing so, it did not deny that the forfeiture complaint also provides assurance that, when a magistrate's probable cause finding is contested after a seizure, the government can justify its continued possession of the property throughout lengthy litigation.

### B.

Certain types of case dispositions may indicate that the Government action was not substantially justified. A court should look closely at cases, for example, where there has been *a judgment on the pleadings* or where there is a directed verdict.... Such cases clearly raise the possibility that the government was not substantially justified in pursuing the litigation.

*United States v. Property Located at 4880 S.E. Dixie Highway*, 838 F.2d 1558, 1563 (11th Cir.1988) (citing the legislative history of EAJA, H.R.Rep. No. 1434, 96th Cong., 2d Sess. 22, *reprinted in* 1980 U.S.Code Cong. & Admin. News 5003, 5011 (emphasis added)). Here, the Court twice made a judgment on the sufficiency of the complaint. First, the Court ordered the government to file an amended complaint because the original complaint failed to link all of the items seized with drug trafficking. Then, following the filing of an amended complaint, it dismissed the government's claim as to Gershon's aircraft. In its Opinion and Order dismissing the amended complaint, the Court described its allegations as follows:

The only relevant allegations new to the amended complaint are those concerning [a drug detection canine's sniffing and "alerting" to the interior and the exterior of the aircraft]. The amended complaint does not allege that any drugs, in any quantity, were found in the aircraft. Other than listing the year during which

Gershon's drug shipments allegedly occurred, the amended complaint offers no details regarding Gershon's involvement in or planned involvement in any current drug shipments....

... Nothing in the amended complaint serves to link the aircraft with drug trafficking. Gershon is said to have been involved in prior drug investigations and owns the seized aircraft. The government says nothing more.

This finding underlines the inadequacy of both the amended complaint and the government's claim of justification. The only relevant allegation in the amended complaint, not in the original complaint, describes the "alert" by the drug detection canines. However, that event took place *after* the magistrate issued the seizure warrant. Therefore, the magistrate's finding of probable cause cannot serve as a substantial justification for the government's position. If the Court were to hold that the magistrate's finding of probable cause was, without more, an indicator of substantial justification, then the government simply could have refiled the complaint, without *any* additional allegations, and not been subject to payment of fees under EAJA. Surely, this is the kind of government action that EAJA was intended to prevent.

### C.

The Court focuses on the government's amended complaint with good reason. Had the Court not found the original complaint inadequate, there would be little question that EAJA fees would not be appropriate here. However, when the Court made it clear to the government that the original complaint was inadequate, the government was placed on notice that it would have to be substantially more precise and, above all, would have to allege a logical link between Gershon and drug trafficking that involved use of the aircraft. Because the canine alert did not link the aircraft with

drug trafficking (since no drugs, even in trace amounts, were found in the aircraft), the government should have known that it had not made the required link.

In *Dixie Highway*, the Court of Appeals for the Eleventh Circuit concluded that the government's failure to allege facts sufficient to support a forfeiture complaint can be a reason, by itself, for awarding fees under EAJA. 838 F.2d at 1563. The Eleventh Circuit also noted that "potentially unjustified forfeiture actions should be subject to particular scrutiny." *Id.* at 1564. The Court agrees. Although *Dixie Highway* was decided prior to the Supreme Court's decision in *Pierce v. Underwood, supra,* which established the standard for showing substantial justification, the Fourth Amendment concerns underlying the Eleventh Circuit's opinion remain vitally important.[2] In light of the failure of the amended complaint to survive a motion to dismiss, the government's position clearly lacked a reasonable basis in law and fact, thereby entitling Gershon to EAJA fees.

### IV.

■ Attorney fees recoverable in a suit against the United States "shall be based upon the prevailing market rates for the kind and quality of the services to be furnished" up to a maximum hourly rate of $75.00. The maximum may be raised if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, Gershon's attorney has requested fees in the amount of $200.00 per hour for 100 hours of work. He has also requested reimbursement in the amount of $626.67 for other expenses incurred in litigating the case.

In this instance, the Court is satisfied that a departure from the $75.00 per hour fee limitation is justified. The type of

---

**2.** Furthermore, in enunciating the standard for substantial justification, Justice Scalia stated that the standard adopted by the Supreme Court was no different from that already in effect in the Eleventh Circuit following *Ashburn v. United States,* 740 F.2d 843 (11th Cir.1984). *Pierce v. Underwood, supra,* 487 U.S. at ——, 108 S.Ct. at 2550, 101 L.Ed.2d at 505. *Ashburn* was also precedent for the decision in *Dixie Highway.*

"special factor" referred to by EAJA has been held to be an identifiable practice specialty, available only at rates in excess of the $75 cap. *Pierce v. Underwood, supra* 487 U.S. at ——, 108 S.Ct. at 2554, 101 L.Ed.2d at 509. In light of the Supreme Court's decision in *Caplin & Drysdale v. United States*, —— U.S. ——, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989), such a special factor exists. Because of *Caplin & Drysdale*, substantial disincentives now exist that discourage attorneys skilled in criminal law[3] from taking on clients in both civil and criminal forfeiture cases, particularly those cases involving drug trafficking allegations. In *Caplin & Drysdale*, the Supreme Court held that the government could seize property potentially subject to criminal forfeiture, even if it meant that claimants or defendants would be rendered incapable of affording counsel of their choice. As a result, attorneys representing civil forfeiture claimants are now far less certain of receiving full payment or of being able to retain fees if it is later determined that the money paid constitutes proceeds from drug trafficking. For this reason, it is more than likely that there will be a limited availability of qualified attorneys to handle forfeiture cases. The Court, based on its experiences in this district, finds an hourly rate of $125.00 to be reasonable compensation.

An itemized time record must be submitted to the Court, however, before a final order can be entered. The request for the expenses of aircraft maintenance and for a portion of the aircraft's annual FAA inspection must be denied unless Gershon can show that these expenses were incurred pursuant to this litigation and that EAJA permits an award.

SO ORDERED.

---

**3.** Although a forfeiture case may be civil in nature, it will normally implicate the Fourth Amendment issues most frequently encountered by attorneys in criminal cases.