**UNITED STATES of America, Plaintiff–Appellant,**

v.

**ONE 1985 CHEVROLET CORVETTE, Defendant–Appellee.**

No. 89–1920.

United States Court of Appeals, Sixth Circuit.

Argued July 27, 1990.

Decided Sept. 20, 1990.

Karl R. Overman, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellant.

Richard M. Lustig (argued), Lustig & Friedman, Birmingham, Mich., for defendant-appellee.

Before KENNEDY and MILBURN, Circuit Judges, and WEBER, District Judge.[*]

MILBURN, Circuit Judge.

The United States of America appeals the district court's award of costs and attorney fees to the claimant, Michael Stephanian, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), following the district court's judgment denying forfeiture of Stephanian's vehicle under 21 U.S.C. § 881(a)(4). For the reasons that follow, we vacate the award of costs and attorney fees.

I.

The defendant vehicle, one 1985 Chevrolet Corvette, was seized on April 27, 1987, at the Silent Woman Bar in Detroit, Michigan. The Corvette was owned by King Auto Sales, Inc., an automobile dealership whose president, Michael Stephanian, is the claimant in the present action. Michael Stephanian drove the Corvette from his car dealership to the bar on April 27, 1987. Stephanian arrived at the bar at approximately 9:50 p.m., and he had a valet park the Corvette. Stephanian testified that he went to the bar to watch a hockey game on television.

While Stephanian was on the premises, DEA agents conducted a raid on the bar pursuant to a search warrant. Stephanian was actually in the Corvette talking on his car telephone when the search warrant was executed. Stephanian testified that at approximately 12:00 a.m., he was called from the bar by a valet who told him that he had a telephone call on his car telephone. Ste-

---

[*] Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

phanian testified that he was talking to his wife on the car telephone when an agent asked him to exit the car, show identification and empty his pockets. Stephanian had approximately $4,700 in cash on his person. After being detained and questioned for several minutes, Stephanian was allowed to return to his car.

When Stephanian approached the Corvette, he saw three agents and a leashed dog standing near the Corvette. One of the agents asked Stephanian to remove an open briefcase from the Corvette so that the dog could sniff the interior of the vehicle for drugs. Stephanian testified that when he entered the Corvette to retrieve the briefcase, he saw an "empty" one-inch packet under a newspaper on the console. Stephanian testified that he had never seen the packet before. It is undisputed that Stephanian removed the packet from the Corvette and placed it in his pocket. A DEA agent standing nearby saw Stephanian put the packet in his pocket. When the dog sniffed the interior of the Corvette, it alerted and began scratching on the console, indicating that a controlled substance was present or had recently been there. The agents then searched Stephanian and removed from his pocket a small plastic bag which contained .167 grams residue of cocaine. Stephanian was arrested and the Corvette was seized.

On November 24, 1987, the United States of America filed a complaint for forfeiture of the Corvette, alleging that the vehicle was used to transport and to facilitate the possession and concealment of controlled substances in violation of 21 U.S.C. §§ 841 and 881(a)(4). Stephanian filed a claim and answer, and on February 1, 1989, following a non-jury trial, the district judge rendered an opinion from the bench denying forfeiture and ordering that the Corvette be returned to Stephanian. The district court concluded that Stephanian "met his burden by a preponderance of the evidence to overcome the probable cause determination ... initially met by the government in this case." J.A. at 136. The district court noted that Stephanian produced evidence which raised "a real question as to whether the drugs found in the car were in any

sense in the possession or control of this claimant, or could reasonably be expected to be known by this claimant in the circumstances."

Specifically, the district judge was persuaded by telephone records introduced by Stephanian indicating that someone made calls from the car telephone while Stephanian was inside the bar talking to an undercover agent prior to the execution of the search warrant. The district judge also found the testimony of Stephanian's wife to be persuasive. Stephanian's wife testified that she called the car telephone while Stephanian was at the bar and someone other than her husband answered. Stephanian's wife testified that when she called at approximately 11:40 p.m., someone picked up the car telephone but did not answer. She listened on the telephone for approximately five to seven minutes and heard individuals making exaggerated nasal sounds and using slang words which led her to believe that drugs were being used in the vehicle. Someone eventually picked up the receiver and identified himself as the valet, and Stephanian's wife asked to speak to her husband.

The testimony and evidence apparently convinced the district judge that someone other than Stephanian placed the cocaine in the Corvette. The district judge also found that the substantial amount of cash carried by Stephanian was not probative of drug trafficking because it could be explained by the nature of his business as a car dealer, and his testimony that he was making a loan to his brother.

On April 17, 1989, Stephanian filed a motion for entry of judgment, return of vehicle, recovery of the depreciation in the value of the vehicle, and taxation of costs, interest and attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On April 21, 1989, the district court entered judgment for Stephanian and the defendant vehicle. The government asserts that it was unaware that the district court entered judgment in the case because the court did not serve a copy of the judgment on the parties; therefore, on April 28, 1989, the government

filed a response to Stephanian's motion, stating that it had no objection to the entry of judgment but it did oppose the award of costs and attorney fees.

On May 23, 1989, Stephanian filed a demand for payment of costs and attorney fees pursuant to the judgment entered in the case, and on May 30, 1989, the district court entered an order granting Stephanian's request for costs and attorney fees. The district court awarded costs in the amount of $883.80 and attorney fees in the amount of $7,500, and the court also ordered the government to pay Stephanian $2,100 for a bond previously posted with the DEA. The government contends that it was never served a copy of the court's order, so on June 7, 1989, it filed a memorandum in opposition to the request for costs and attorney fees, and on June 13, 1989, it filed a motion for certification of reasonable cause for seizure of the vehicle pursuant to 28 U.S.C. § 2465. The government subsequently learned of the district court's May 30, 1989, order awarding costs and attorney fees, and on July 27, 1989, the United States filed a notice of appeal to challenge the order. On September 1, 1989, the district court entered an order denying the government's motion for certification of reasonable cause for seizure of the vehicle.

The principal issue on appeal is whether the district court erred by awarding Stephanian costs and attorney fees pursuant to the EAJA.

## II.

### A. *Jurisdiction*

■ We must first address a jurisdictional issue not raised by either party. In the order awarding costs and attorney fees, the district court expressly reserved ruling on Stephanian's request to recover the depreciation in the value of the Corvette. The district court's reservation of the depreciation issue raises a question as to whether the order awarding costs and attorney fees is a final, appealable order.

"It is well-settled that the concept of finality for purposes of appellate judicial review is to be given a 'practical rather than a technical construction.'" *Marshall v. Occupational Safety & Health Rev. Comm'n,* 635 F.2d 544, 548 (6th Cir.1980) (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949)). It is particularly relevant that the present appeal is from a post-judgment order. "The policy against and the probability of piecemeal review is not as decisive a consideration after judgment as before judgment since the underlying dispute is already settled." *United States v. Washington,* 761 F.2d 1404, 1406 (9th Cir.1985), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). As a practical matter, most post-judgment orders should be deemed final because "there is often little prospect that further proceedings will occur to make them final." *Id.* Because the district court's order completely disposes of Stephanian's claims under the EAJA, we find that the order is final and appealable.

### B. *EAJA Award*

The Supreme Court has recently stated the standard for reviewing a district court's award under the EAJA. In *Pierce v. Underwood,* 487 U.S. 552, 561–64, 108 S.Ct. 2541, 2548–49, 101 L.Ed.2d 490 (1988), the Court held that a district court's decision awarding costs and attorney fees under the EAJA is reviewed for an abuse of discretion. The Court concluded that "the text of the statute permits, and sound administration counsels, deferential review of a district court's decision regarding attorney's fees under the EAJA." *Id.* 108 S.Ct. at 2549.

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Although the government presents several arguments challenging the award of costs and attorney fees, its principal contention is that there was no basis for an EAJA award because the government's position in the forfeiture action was substantially justified.

In *Pierce*, the Supreme Court defined the meaning of the phrase "substantially justified," as it is used in the EAJA, to mean "justified to a degree that could satisfy a reasonable person." *Pierce*, 108· S.Ct. at 2550. The Court observed that this standard "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* The Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 2550 n. 2.

■ The government argues that since the district court ruled that the government met its burden of probable cause for forfeiture of the vehicle, its position was substantially justified under the EAJA as a matter of law. The government relies on the Fourth Circuit's decision in *United States v. B & M Used Cars*, 860 F.2d 121 (4th Cir.1988). In *B & M*, the government brought a civil forfeiture action pursuant to 21 U.S.C. § 881 against property owned by a partnership. However, the government dismissed the civil forfeiture action after the district court declined to grant a protective order regarding the testimony of a government witness who was part of an ongoing criminal investigation. The district court subsequently awarded the claimants attorney fees under the EAJA.

On appeal, the Fourth Circuit reversed the award of attorney fees, holding that the government had been justified in pursuing the civil forfeiture action. The court observed, "Whether the government's decision to initiate and to pursue forfeiture proceedings against [the partnership] was reasonable must be examined in light of its burden under the appropriate statute." *Id.* at 124. The court noted that civil forfeiture requires "only unrebutted probable cause." *Id.* at 125. Because the "district court conducted an adversarial proceeding and issued a second warrant, which included an express statement that the government had established probable cause to support the seizure," the Fourth Circuit found it "difficult to understand how the district court could later find the government's position lacking in substantial justification when ... the government had satisfied the initial evidentiary burden of a full-scale forfeiture trial." *Id.* at 124. Since "the district court expressly found that the government had probable cause to seize [the partnership property]," the Fourth Circuit concluded that "the government must be justified in pursuing litigation when it has sufficient evidence to prevail at trial." *Id.* at 125.

Stephanian responds that the government's argument confuses the distinction between probable cause for seizure and substantial justification for forfeiture. Stephanian asserts that while the government may have had probable cause to seize the vehicle, it lacked substantial justification to pursue the forfeiture action based on later discovered evidence (*i.e.,* Stephanian's wife's testimony). Stephanian erroneously relies on *Riddle v. Secretary of Health & Human Serv.*, 817 F.2d 1238 (6th Cir.), *vacated,* 823 F.2d 164 (6th Cir.1987), for the proposition that substantial justification requires more than a reasonable basis.

Although not cited by Stephanian, *United States v. Property at 2323 Charms Road*, 728 F.Supp. 1326 (E.D.Mich.1990), supports his position that a finding of probable cause for seizure does not necessarily establish that the government's position was substantially justified. In *Charms Road*, the government obtained a seizure warrant based on a magistrate's probable cause finding, but the "seizure was never adjudicated because the government, in its complaint for forfeiture, could not allege sufficient facts to warrant adjudication."

*Id.* at 1328. Under the circumstances, the district court held that the magistrate's pre-seizure finding of probable cause could not serve as substantial justification for the government's position in the forfeiture action. The district court concluded, "In light of the failure of the [government's] amended complaint to survive a motion to dismiss, the government's position clearly lacks a reasonable basis in law and fact, thereby entitling [the claimant] to EAJA fees." *Id.* at 1329. However, the court observed that had it "not found the original complaint inadequate, there would be little question that EAJA fees would not be appropriate here." *Id.*

The present case is distinguishable from both *B & M* and *Charms Road.* In *B & M,* the government dismissed the forfeiture action before reaching trial. However, in a pre-seizure adversarial proceeding, the district court issued a seizure warrant after finding that the government established probable cause to support the seizure. *B & M,* 860 F.2d at 124. The Fourth Circuit analogized this pre-seizure finding to satisfaction of the initial evidentiary burden in a full-scale forfeiture trial, as occurred in the present case. In *Charms Road,* the government's complaint was dismissed for failure to allege facts sufficient to support forfeiture. However, the government's complaint in the present case was sufficient to support forfeiture, and the district court concluded that the government established probable cause for forfeiture.

■ Forfeiture of a vehicle under 21 U.S.C. § 881 requires only unrebutted probable cause. *United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir.1978) (per curiam). " '[P]robable cause' in a forfeiture proceeding is not a special term of art, but is the same standard employed to test searches and seizures generally." *Id.* Probable cause is "defined as a 'reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion.' " *United States v. $83,320 in United States Curren-*

*cy,* 682 F.2d 573, 577 (6th Cir.1982) (quoting *United States v. $22,287.00 in United States Currency,* 520 F.Supp. 675, 678 (E.D.Mich.1981)). The Supreme Court has held that "substantially justified," as that term is used in the EAJA, means "justified to a degree that could satisfy a reasonable person." *Pierce,* 108 S.Ct. at 2550. Thus, "substantially justified" and "probable cause" are standards which require reasonableness. Therefore, when the government established probable cause in the forfeiture proceeding, its position was substantially justified.

In *Pierce,* the Supreme Court indicated that objective indicia, such as the stage in the proceedings at which the merits were decided, can be relevant and may be dispositive of a claim for EAJA fees. The parties in *Pierce* urged the Court to rely on objective indicia in deciding if the government's position was substantially justified. The Court observed, "While we do not disagree that objective indicia can be relevant, we do not think they provide a conclusive answer, in either direction, for the present case." *Pierce,* 108 S.Ct. at 2551. Where objective indicia alone do not provide a conclusive answer, the court must examine "the actual merits of the Government's litigating position." *Id.* at 2552.

We have examined the record before us and we conclude that the district court did not err in finding probable cause for forfeiture. The government's position in initiating the forfeiture proceeding was substantially justified, and nothing that occurred during the trial required the government to abandon the proceeding. The evidence presented by Stephanian merely created issues of fact for the district court to decide. Therefore, having "a definite and firm conviction that the court below committed a clear error of judgment," we hold that the district court abused its discretion by awarding costs and attorney fees under the EAJA.[1] *See Balani v. Immigration and Naturalization Serv.,* 669 F.2d 1157, 1160 (6th Cir.1982).

1. Our decision makes it unnecessary to address the government's other arguments challenging the award of costs and attorney fees.

### C. Depreciation

Finally, Stephanian seeks recovery under the Tucker Act, 28 U.S.C. § 1346(a)(2), for the depreciation in the value of the Corvette from the date of its seizure until the date of its return. Stephanian contends that *United States v. One 1965 Chevrolet Impala Convertible*, 475 F.2d 882 (6th Cir. 1973), confers authority on this court to award depreciation to a claimant following an unsuccessful forfeiture action by the government. Stephanian also seeks a cost of living adjustment to the district court's award and additional costs and attorney fees for this appeal. Because we reverse the district court's award, Stephanian is not entitled to recover appellate costs and attorney fees. *See* 28 U.S.C. § 2412(f). Moreover, our decision reversing the award also renders Stephanian's request for a cost of living adjustment moot.

■ Although Stephanian's original motion for costs and attorney fees also sought recovery for depreciation of the Corvette, the district court has not ruled on this request. In the order awarding costs and attorney fees, the district court reserved the issue of whether Stephanian was entitled to recover for the depreciation in the value of the Corvette. The government did not appeal this issue, and Stephanian has not cross-appealed.

> "[A] party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement a decree with respect to a matter not dealt with below."

*Berry v. Mintzes*, 726 F.2d 1142, 1145 (6th Cir.), *cert. denied*, 467 U.S. 1245, 104 S.Ct. 3520, 82 L.Ed.2d 828 (1984) (quoting *Massachusetts Mutual Life Ins. Co. v. Ludwig*, 426 U.S. 479, 480–81, 96 S.Ct. 2158, 2159, 48 L.Ed.2d 784 (1976) (per curiam)). Because the government has appealed only the EAJA award, the depreciation issue is not before this court, and Stephanian cannot supplement the district court's award "with respect to a matter not dealt with below." *Id.*

### III.

Accordingly, for the reasons stated, the district court's award of costs and attorney fees under the EAJA is VACATED.