930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William R. BATES, Plaintiff-Appellant,
v.
FRANKLIN COUNTY MUNICIPAL COURT, et al., Defendants-Appellees.
 No. 90-3535.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 William R. Bates, a pro se Ohio resident, appeals the district court's order awarding attorney fees to defendants pursuant to 42 U.S.C. Sec. 1988 as the prevailing parties in his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In October 1989, Bates filed his Sec. 1983 action in district court alleging that his civil rights had been violated by his trial and conviction on two traffic violations (no operator's license and failure to signal) in the Franklin County (Ohio) Municipal Court. Bates's civil rights action was dismissed on the merits by the district court on December 27, 1989. Bates did not file an appeal from the district court's order. Thereafter, on January 4, 1990, the City of Columbus (Ohio) filed a motion for attorney fees as the prevailing party pursuant to 42 U.S.C. Sec. 1988. The district court concluded that Bates's Sec. 1983 action was frivolous and granted the motion for attorney fees on May 1, 1990. Bates has filed a timely appeal from the order granting attorney fees.
 
 
 4
 Initially, it is clarified that Bates's appeal only involves the district court's award of attorney fees pursuant to 42 U.S.C. Sec. 1988. Bates did not preserve his right to appeal the order of dismissal of his lawsuit because he did not file a timely appeal from that judgment. See Exchange Nat'l Bank of Chicago v. Daniels, 763 F.2d 286, 296 (7th Cir.1985). Here, the district court's order awarding attorney fees constitutes a final decision within the ambit of 28 U.S.C. Sec. 1291, see United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 807 (6th Cir.1990), and the order awarding attorney fees is the only order from which Bates has filed a timely appeal. However, despite his timely appeal of the order awarding attorney fees, both of Bates's briefs on appeal only address the order dismissing his lawsuit and not the order awarding attorney fees. Thus, the issue of the award of attorney fees is considered abandoned and is not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Accordingly, we hereby dismiss this appeal as unsubstantial pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation