933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene SZYMANSKI, Defendant-Appellant.
 No. 91-1137.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Eugene Szymanski, a pro se federal prisoner, appeals from the denial of a motion to remand. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Szymanski in 1987 of conspiracy to distribute heroin and distribution of heroin. He received concurrent fifteen year sentences and five years special parole. He has filed numerous attacks on his conviction, most recently a motion to modify sentence, which was denied by the district court on October 23, 1990. Szymanski filed an appeal from that order. He then filed a motion to remand in the district court, arguing that an evidentiary hearing was necessary to resolve new issues raised for the first time in that motion. The district court denied the motion to remand due to lack of jurisdiction. This appeal followed. Szymanski has now filed a duplicate of the motion to remand in this court, and also is requesting the appointment of counsel and a transcript at government expense. The appellee has moved to dismiss the case for lack of jurisdiction.
 
 
 3
 Upon review, we conclude that this court has jurisdiction over this appeal because the order denying remand was a post-judgment order deemed final and appealable. See United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 807 (6th Cir.1990).
 
 
 4
 The district court was correct to deny the motion to remand because Szymanski's previous notice of appeal had divested the district court of jurisdiction. See Drake v. Gordon, 848 F.2d 701, 705 (6th Cir.1988). Moreover, the motion was clearly filed in the wrong court, as the district court cannot order this court to remand a case to it.
 
 
 5
 Accordingly, the motion to dismiss is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion to remand now filed in this court is denied, as the underlying case is no longer pending in either court. Nor are counsel or a transcript necessary to this appeal.