**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glenn Ray ALCORN, Defendant–
Appellant.**

**No. 00–5471.**

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before BOYCE F. MARTIN, Chief Judge, MOORE, Circuit Judge, and TARNOW,* District Judge.

## ORDER

Glenn Ray Alcorn, a federal prisoner proceeding pro se, appeals a district court order denying his motion for a copy of the voucher submitted to the court by his appointed counsel in his criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury convicted Alcorn of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). A few months after the entry of judgment in his criminal case, Alcorn filed the instant motion purportedly pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Alcorn, stating that he had filed a legal malpractice action, argued that the voucher would prove fraud, embezzlement, and dishonesty by his trial counsel. The district court denied the motion in an unreasoned marginal order.

This appeal followed and both sides have filed briefs. The government argues that the district court's order is not appealable, and alternatively that Alcorn's notice of appeal was not timely. Alcorn moves for miscellaneous relief.

■ Initially, we find that the district court's order is a final and appealable post-judgment order. See United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 807 (6th Cir.1990). We also find that the notice of appeal, filed nineteen days after entry of judgment, was timely as this is essentially a civil action for equitable relief. See Fed. R.App. P. 4(a).

Upon review, we conclude that the district court's order must be vacated and the action remanded for further proceedings. The district court denied the motion in a marginal order, stating simply, "Denied." As the district court did not indicate the specific facts and rules of law supporting its decision, it is possible only for this court to partially review the district court's order. See United States v. Woods, 885 F.2d 352, 353–54 (6th Cir.1989).

■ To the extent that the district court looked to FOIA, the district court properly denied the motion. A federal court lacks jurisdiction under FOIA unless the plaintiff shows that an agency has improperly withheld agency records. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). In the instant case, the district court did not have jurisdiction

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

under FOIA because the federal courts are specifically excluded from FOIA's definition of "agency." *See* 5 U.S.C. § 551; *Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n,* 710 F.2d 1165, 1177 (6th Cir.1983).

However, it cannot be determined whether the district court considered and properly denied the motion under provisions set forth in the Criminal Justice Act. Subject to certain exceptions, the amount paid to court-appointed counsel in a criminal case "shall be made available to the public by the court upon the court's approval of the payment." 18 U.S.C. § 3006A(d)(4)(A); *see also United States v. Gonzales,* 150 F.3d 1246, 1263–64 (10th Cir.1998). On remand, the district court should consider and explain whether any exception applies. We note that the statute does not require the court to provide a copy of the voucher without cost.

Accordingly, all pending motions are denied, the district court's order is vacated, and the action is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.