UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

MARTHA BEAVERS MCHAN; JOHN
DAVIS MCHAN, Son of Charles W.
MCHAN; CHARLES WILLIAM MCHAN,
SR.; CHARLES WILLIAM MCHAN, JR.,
Son of Charles W. McHan, Sr.,
           *Defendants-Appellants,*

and

MAC, INCORPORATED, d/b/a
Cherokee Land Company and other
assets; CHEROKEE LANES; GEORGIA
FREIGHT DISPOSAL, INCORPORATED;
SAMUEL RAY MCHAN, Brother of
Charles W. McHan,
           *Defendants.*

No. 00-2081

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Richard L. Voorhees, District Judge.
(CA-90-173-2-V)

Argued: April 5, 2001

Decided: June 8, 2001

Before WILKINS, KING, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** David Benjamin Smith, ENGLISH & SMITH, Alexandria, Virginia, for Appellants. Clifford Carson Marshall, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** William A. Brafford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

We must decide whether claimants in this civil forfeiture action are entitled to attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1994) ("EAJA"). Finding that the district court abused its discretion in holding that the claimants waived their right to fees and expenses and that further proceedings are necessary to determine whether they are, in fact, entitled to fees and expenses, we vacate the district court's decision and remand for further proceedings.

I.

The government filed three civil forfeiture actions between 1988 and 1993 regarding various pieces of property. Following consolidation, the government moved for summary judgment against the claimants, arguing that "the complaints in forfeiture were based on probable cause and the claimants have failed to meet their burden to come forward with proof that the property in question was not acquired with drug proceeds or did not facilitate drug trafficking." The district court denied the motion, explaining that "[t]o grant the government's motion here would be tantamount to granting summary

judgment on the basis of the *ex parte* determination of probable cause."

The district court set the case for trial in February 1999. On February 2, 1999, though, the government informed the district court that it was dismissing the action with prejudice, with "each side bear[ing] their own costs[.]" The claimants' counsel responded that this was "agreeable."

On March 2, 1999, the claimants filed a motion for attorney's fees, costs, and expenses under the EAJA. The government opposed the motion and the district court denied it on June 16, 2000. In its Order, the district court stated:

> First, it is clear to the Court that the parties agreed that each side would bear the costs associated with this case at the time the parties consented to it's [*sic*] dismissal with prejudice. Second, the Government's response makes it clear that Defendants cannot establish a right under the EAJA to recover fees and costs. The Fourth Circuit's decision in *United States v. B&M Used Cars* clearly controls this case as the Government had a reasonable likelihood of prevailing in this action despite it's [*sic*] eventual consent to the dismissal of the civil forfeture proceeding. 860 F.2d 121, 123-25 (4th Cir. 1988).

## II.

We review for abuse of discretion a district court's denial of an EAJA award. *United States v. One Parcel of Real Property*, 960 F.2d 200, 208 (1st Cir. 1992); *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991). We review interpretations of legal standards *de novo. See, e.g., Salve Regina College v. Russell*, 499 U.S. 225 (1991).

## III.

Under 28 U.S.C. § 2412(a)(1), "a judgment for costs, as enumerated in section 1920 of this title, *but not including the fees and*

*expenses of attorneys*, may be awarded to the prevailing party in a civil action brought by or against the United States[.]" (emphasis added). 28 U.S.C. § 1920 defines "costs" as

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Moreover, Section 2412(d) provides that "a court shall award to a prevailing party other than the United States *fees and expenses, in addition to any costs* awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States[.]" (emphasis added). The plain language of the EAJA establishes that Congress expressly distinguished between "costs" and "fees and expenses." At the February 2 hearing, the parties agreed to "bear their own costs" but made no agreement regarding fees and expenses. Considering the explicit distinction made in the EAJA between "costs" and "fees and expenses", and the parties' explicit agreement regarding only "costs", we hold that the district court abused its discretion by holding that the claimants waived their right to fees and expenses.

## IV.

Next, we turn to the district court's decision that *United States v. B&M Used Cars* precludes the claimants from recovering fees and expenses from the government. The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The term "substantially justified" means "'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564 (1988). To be "substantially justified", the government must be "more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for government litigation of which a reasonable person would approve." *Id.* at 566.

In *B&M Used Cars*, this Court reversed a ruling granting a motion for EAJA fees in a dismissed forfeiture action. The government dismissed the forfeiture action after approximately six months and after an adversarial proceeding establishing probable cause. This Court explained that

> the district court conducted an adversarial proceeding and issued a [ ] warrant, which included an express statement that the government had established probable cause to support the seizure. It is difficult to understand how the district court could later find the government's position lacking in substantial justification when it had previously acknowledged that the government had satisfied the initial evidentiary burden of a full-scale forfeiture trial. 860 F.2d at 124.

This case is markedly different than *B&M Used Cars*. In *B&M Used Cars*, only about six months passed between the filing and dismissal of the action. Here, on the other hand, more than 10 years passed between filing and dismissal. Moreover, in *B&M Used Cars*, the court held an adversarial hearing to determine the existence of probable cause. Here, on the other hand, nothing in the record suggests that the court held such a hearing. Rather, only *ex parte* determinations of probable cause support the government's filing and litigation of the action. While an *ex parte* determination of probable

cause suffices to establish that the government had substantial justification for filing the forfeiture actions against the claimants, they cannot alone substantially justify the government's continued litigation of the consolidated action. *See also United States v. Real Property Known as 22249 Dolorosa Street*, 190 F.3d 977, 982 (9th Cir. 1999) (holding that "the government's position that the property is forfeitable must remain substantially justified throughout the action"); *United States v. Parcels of Property, With Building Appurtenances and Improvements Located at 255 Broadway, Hanover*, 9 F.3d 1000, 1007 (1st Cir. 1993) (ruling that the government's "litigation position" remained justified throughout the litigation; "the claimant points to no intervening evidence that might have given the government pause over whether to continue onward with the case"); *United States v. One 1985 Chevrolet Corvette*, 914 F.2d 804 (6th Cir. 1990) (ruling that the government had substantial justification for filing the action and for prosecuting it).

The district court failed to consider whether the government had substantial justification for litigating this action. On remand, the district court must determine whether the government had substantial justification for filing the civil forfeiture actions *and* whether its litigation position remained substantially justified throughout their litigation.

## V.

For the foregoing reasons, the judgment of the district court is vacated and the suit remanded for further proceedings.*

---

*Congress passed remedial legislation on April 25, 2000 that significantly altered the standards and procedures applicable to civil forfeiture proceedings. Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983 (2000). Among other things, the legislation reallocates the burden of proof so that the government now must "establish, *by a preponderance of the evidence* [as opposed to probable cause], that the property is subject to forfeiture." 18 U.S.C. § 983(c) (emphasis added). While retroactive application of statutes typically is disfavored, in some situations, "a

*VACATED AND REMANDED*

court should 'apply the law in effect at the time it renders its decision.'" *Landgraf v. USI Film Products*, 511 U.S. 244, 272 (1994) (citing *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974)). Neither party in this case raised the issue of the applicability of this statute below and did not raise it in this appeal until the date of oral argument. On remand, the district court should decide whether the statute applies to this action.