**Robert B. KEMP, Jr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–5825.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

**732**

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

Robert B. Kemp, Jr., a pro se federal prisoner, appeals the district court's denial of his motion for recusal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This appeal comes before the court with a tortuous procedural history beginning in 1996. At that time, Kemp was convicted of tax fraud, was acquitted of bank fraud and other charges, and was sentenced to 12 to 18 months in prison and one year of supervised release. *See United States v. Kemp*, No. 96–6662, 1998 WL 415990 (6th Cir. July 6, 1998) (unpublished). On the day before completing his term of super-

vised release in April 1999, Kemp filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting various claims. The district court dismissed the motion as moot several months later because Kemp was no longer in custody. In November 2000, this court vacated the district court's judgment and remanded the action for further proceedings.

On March 20, 2001, Kemp filed a rambling motion in the district court, requesting that Judge R. Allen Edgar recuse himself from the § 2255 proceedings because of bias. The district court did not immediately rule on the recusal motion, but first denied Kemp's § 2255 motion on the merits on March 26, 2001, and then denied the recusal motion on April 5, 2001. Kemp filed separate notices of appeal. This court denied Kemp's application for a certificate of appealability in the denial of his motion to vacate (Case No. 01–5734), but permitted the appeal from the denial of the recusal motion to proceed (Case No. 01–5825).

On appeal, Kemp again argues that Judge Edgar should have recused himself and he also argues that his conviction should be vacated due to *Brady/Jencks* violations and because an IRS employee had given him incorrect information. Kemp requests oral argument. The government argues that the order denying the recusal motion is not a final appealable order, and alternatively that the appeal is moot because the underlying § 2255 action is no longer pending.

■ Initially, we conclude that the appeal is properly before the court. In the instant case, the district court did not deny the motion to recuse until after denying the motion to vacate and dismissing the

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

action. Thus, the appeal is from a final, appealable order. *See United States v. One 1985 Chevrolet Corvette*, 914 F.2d 804, 807 (6th Cir.1990). Furthermore, the appeal was not mooted when this court declined to issue a certificate of appealability in Case No. 01–5734. "The purpose of the disqualification statute is to avoid even the appearance of impropriety; the appearance of impropriety is not lessened by the fact that the litigation would have come out the same anyway." *Easley v. University of Michigan Bd. of Regents*, 853 F.2d 1351, 1357 (6th Cir.1988) (quoting *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 801 (5th Cir.1986), *aff'd*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)) (28 U.S.C. § 455).

We decline to review Kemp's substantive arguments that his conviction should be overturned because the arguments are not properly before the court. Kemp raised these arguments in his motion to vacate, which the district court denied. Both this court and the district court declined to issue a certificate of appealability.

To support the claim of bias, Kemp essentially argued in his motion that Judge Edgar had erroneously permitted litigation of the bank fraud charges when no bank was involved, that Kemp's prosecution was instigated by a firm connected to Judge Edgar's appointment to the federal bench, that Judge Edgar knew Kemp had settled a malicious prosecution case against the prosecutor, bank, and law firm following his criminal trial, and that Kemp had received the maximum sentence despite the lack of any criminal history. On appeal, Kemp further argues Judge Edgar exhibited bias at his criminal trial by not giving a "reliance upon authority" instruction to the jury and by not dismissing the charges even though the government could not prove that Kemp had not relied on instructions from the IRS. Kemp also argues that Judge Edgar exhibited bias during § 2255

proceedings in numerous ways: by not conducting a hearing; by initially denying the motion to vacate as moot; by then allegedly raising a new issue in certifying the appeal of that decision; by again dismissing the § 2255 motion before Kemp could reply to the government's answer; by not ordering the government to supplement its answer; by denying a certificate of appealability after dismissing the § 2255 motion on the merits; by not reviewing information Kemp obtained through the Freedom of Information Act (FOIA); by dismissing a previous FOIA petition; and by erroneously stating that Kemp had not raised constitutional issues in his § 2255 motion.

This court reviews the denial of a motion to recuse for an abuse of discretion. *Easley*, 853 F.2d at 1355. An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

Kemp did not specify under which recusal statute his motion was brought, 28 U.S.C. § 144 or 28 U.S.C. § 455. To the extent that the motion was brought under § 144, the motion is untimely. Section 144 provides in part that the motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Kemp did not timely file the motion, but waited nearly two years after filing his § 2255 motion and offered no reason for the delay.

To the extent that Kemp's motion was brought under § 455, the motion is without merit. Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The judge must recuse himself only " 'if a rea-

sonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States,* 899 F.2d 1495, 1501 (6th Cir.1990)). The judge need not recuse himself under § 455(a) based on the subjective view of a party, no matter how strongly that view is held. *Sammons,* 918 F.2d at 599. Subsection 455(b) lists five specific circumstances in which a judge must recuse himself, only the first of which, involving "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," is even arguably raised by Kemp. Although the Supreme Court has rejected the extrajudicial source of the alleged bias or prejudice as an exclusive test for judging the merits of a recusal motion, it still is considered as a factor in determining bias or prejudice. *Liteky v. United States,* 510 U.S. 540, 551, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

None of the examples of "bias" offered by Kemp meets the above standards for recusal. Kemp is principally dissatisfied with the district court's rulings in his criminal case and during § 2255 proceedings. Judicial rulings will almost never serve as a valid basis for recusal and are most often simply grounds for appeal. *Id.* at 555, 114 S.Ct. 1147. Furthermore, the alleged involvement in the prosecution by the firm connected to Judge Edgar's appointment to the federal bench likewise is not a basis for recusal. A judge's past associations rarely provide a basis for recusal, particularly where, as here, there is no allegation that, by virtue of the association, the judge was exposed to out-of-court information relating to Kemp's criminal prosecution. *See Easley,* 853 F.2d at 1356. Kemp did not allege that Judge Edgar had ever been a member of the firm or had any current association with it.

Accordingly, Kemp's request for oral argument is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.