UNITED STATES of America, Plaintiff–Appellee,

v.

REAL PROPERTY AND RESIDENCE AT 3097 S.W. 111TH AVENUE, MIAMI, FLORIDA, with all appurtenances thereto and all improvements thereon, Defendant,

Carlos Veccio, Claimant–Appellant.

No. 88–6194.

United States Court of Appeals, Eleventh Circuit.

Jan. 30, 1991.

G. Richard Strafer, Coral Gables, Fla., for claimant-appellant.

Dexter W. Lehtinen, U.S. Atty., Carole Fernandez, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and DYER, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this civil forfeiture action, we affirm the district court's ruling that the whole of the appellant's property be forfeited to the United States rather than a portion.

### FACTS

In August, 1987, the Miami Metro–Dade Police Department began a court-authorized electronic surveillance of conversations occurring over Raul Plasencia's landline and mobile telephones. The officers initiated the wiretap based upon information that Plasencia ran a large cocaine trafficking enterprise. Through intercepted conversations, the officers determined that Carlos Veccio was a high-ranking member of Plasencia's organization.

On September 8, 1987, Veccio, at his restaurant named "Carlos Fisheries," received a telephone call from a man who identified himself as "John Doe." Veccio and Doe arranged to meet at the restaurant at 6

p.m. Doe stated that he had "it" on him and that he would pick Veccio up at the restaurant. A few minutes later, Plasencia telephoned Jesus Garcia and asked Garcia to meet Veccio at Carlos Fisheries. Shortly thereafter, Veccio again spoke with Doe who asked Veccio to meet with "Anselmo" rather than with him. Veccio responded, "You know I'm a finicky person ... if I suddenly get bad vibes I won't do anything ...," but he agreed to meet with Anselmo Cosio. Later in the conversation, Doe suggested a meeting at Cosio's house. Veccio replied, "No way! I don't go to anybody's house."

Suspecting a cocaine sale, Metro–Dade law enforcement officers set up surveillance at Veccio's restaurant and observed Garcia meet with Veccio outside the restaurant sometime after 5:30 p.m. The two men drove to Veccio's residence, stayed for five minutes, and then returned to the restaurant parking lot. Veccio entered the restaurant, and Garcia left in his own vehicle.

At approximately 6 p.m., Veccio and Cosio met outside Carlos Fisheries. Veccio drove around the area alone, then led Cosio, who drove in a separate vehicle, to Veccio's residence where both parked their vehicles in the driveway. Garcia soon arrived in a third vehicle. Cosio, in Veccio's presence, inspected the contents of a box in the rear seat of Garcia's vehicle. After the box was placed in Cosio's vehicle, Cosio and Garcia drove away. The officers followed Cosio, stopped his vehicle, and discovered ten kilograms of cocaine in the box.

## PROCEDURAL HISTORY

The United States filed a complaint for forfeiture *in rem* against the real property and residence at 3097 Southwest 111th Avenue, Miami, Florida, with all appurtenances thereto and all improvements thereon (Veccio's residence). The complaint alleges that the property was used to commit or to facilitate the commission of federal law drug violations punishable by more than one year's imprisonment. The complaint further alleges that by virtue of the foregoing and pursuant to 21 U.S.C. § 881(a)(7), the property is forfeit to the United States.[1]

On October 15, 1987, the United States Marshal seized the property and gave notice of the forfeiture action and of the seizure of the property by publication in the *Miami Review.*

After filing a verified claim and an answer, Veccio moved for judgment on the pleadings. The district court denied Veccio's motion for judgment on the pleadings and granted the United States's motion to stay the civil forfeiture action until the conclusion of the related criminal case.

By agreement of the parties, the defendant real property was sold and the proceeds of $250,000 substituted as the defendant in this action. The United States moved for summary judgment based upon the outcome of *United States v. Carrazana,* 921 F.2d 1557 (11th Cir.1991) in which a jury convicted Veccio of possession of cocaine with intent to distribute on September 8, 1987.[2]

The district court granted summary judgment for the United States. Veccio moved for reconsideration and rehearing, and the court vacated its order to the extent that although it determined the government had established probable cause for forfeiture of the property, Veccio should be allowed the opportunity to dis-

---

**1.** Section 881(a)(7) provides:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:
(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punish-

able by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
21 U.S.C.A. (West Supp.1990).

**2.** That case has been affirmed by this court in *United States v. Carrazana,* 921 F.2d 1557 (11th Cir.1991).

prove that a substantial connection existed between the property and a drug transaction. Following a trial, the district court granted the United States's motion for involuntary dismissal of Veccio's claim. 699 F.Supp. 287.

## CONTENTIONS

Veccio contends that the forfeiture complaint fails to comply with the particularity requirements of the Supplemental Rules for Certain Admiralty and Maritime Claims. Veccio also contends that the evidence does not establish a substantial connection between his property and the exchange of narcotics on September 8, 1987. Finally, Veccio contends that because only a single transaction occurred on the driveway of his property, the district court improperly ordered the entire property forfeited.[3]

The government contends that the facts alleged in the complaint meet the particularity requirements of the applicable rules. The government also contends that the narcotics transaction which occurred on the property subjects the property to forfeiture under 21 U.S.C. § 881(a)(7). Finally, the government contends that under 21 U.S.C. § 881(a)(7), the whole of the defendant property should be forfeited to the United States.

## ISSUES

The issues are: (1) whether the factual allegations of the complaint are sufficiently particular to meet the requirements of Supplemental Rules C(2) and E(2) of the Feder-

al Rules of Civil Procedure For Certain Admiralty and Maritime Claims; (2) whether the connection between the narcotics transaction and the defendant real property is sufficient to subject the defendant property to forfeiture under 21 U.S.C. § 881(a)(7); and (3) whether the whole of the defendant property should be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

## DISCUSSION

### I. Sufficiency of the Complaint

■ Whether the complaint contained sufficient allegations to comply with the particularity requirement of the applicable procedural rules is an issue of law subject to plenary review. *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir.1989), *cert. denied*, — U.S. —, 111 S.Ct. 261, 112 L.Ed.2d 218 (1990). A complaint for forfeiture *in rem* under 21 U.S.C. § 881 is subject to the particularity requirements found in Supplemental Rule C(2) and E(2) of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims.[4] Essentially, the complaint must contain factual allegations sufficiently particular to enable a claimant to begin an investigation of the facts and to frame a responsive pleading.

■ In *United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1548 (11th Cir.1987), a section 881(a)(6) case, we held that "a section 881(a) forfeiture complaint must allege sufficient facts to provide a reasonable belief that property is

---

**3.** Veccio also contends that the forfeiture ruling must be reversed because it was expressly based upon his defective criminal conviction. Because we affirmed Veccio's criminal convictions in *Carrazana*, this contention is meritless.

**4.** Supplemental Rule C(2) provides as follows:
(2) Complaint. In actions in rem the complaint shall be verified on oath or solemn affirmation. It shall describe with reasonable particularity the property that is the subject of the action and state that it is within the district or will be during the pendency of the action. In actions for the enforcement of forfeitures for violation of any statute of the United States the complaint shall state the

place of seizure and whether it was on land or on navigable waters, and shall contain such allegations as may be required by the statute pursuant to which the action is brought.
Supplemental Rule E(2)(a) addresses specifically the sufficiency with which the factual basis for forfeiture must be alleged:
(a) Complaint. In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.
28 U.S.C.A. (West 1970).

subject to forfeiture: in particular, that the government has probable cause to believe that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance."[5]

■ When comparing the specific facts required to establish a sufficient complaint under section 881(a)(6) with those required for a sufficient complaint under section 881(a)(7), however, one must use caution. In section 881(a)(6) cases, the connection between the defendant property and the Title 21 violation is often indirect and requires a factual tracing in the complaint to support the probable cause allegation. In section 881(a)(7) cases, the connection between the defendant property and the Title 21 violation is often direct and clear.

In this case, the complaint describes how, when, and where a ten kilogram cocaine delivery, which is the basis for the forfeiture under 21 U.S.C. § 881(a)(7), occurred. Additionally, the complaint names two of the participants, including Veccio, refers to the third participant, and describes the role each participant played in the narcotics exchange. Although Veccio cites numerous cases arising under 21 U.S.C. § 881(a)(6) in which the complaint was found to contain insufficient facts to support the probable cause allegation, he fails to point to any legitimate reason why the facts alleged in this complaint are insufficient to support a forfeiture action. We conclude the complaint was sufficiently particular for Veccio to begin an investigation and to frame a responsive pleading.

## II. Sufficiency of the Evidence

■ Whether the district court correctly determined that to support a forfeiture under section 881(a)(7), the government must demonstrate probable cause to believe a substantial connection exists between the property to be forfeited and the relevant criminal activity, and that the government in this case has met that test, is a mixed question of law and fact. We review the factual decisions applying a clearly erroneous standard, and subject the legal decisions to plenary review. *See Stephens v. Department of Health and Human Services*, 901 F.2d 1571, 1573 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 555, 112 L.Ed.2d 562 (1990).

Section 881(a)(7) provides for forfeiture of "all real property ... which is used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, a violation of this title punishable by more than one year's imprisonment." 21 U.S. C.A. (West Supp.1990). Veccio contends that to justify the forfeiture under this section, the government must establish probable cause to conclude a "substantial connection" exists between the property at issue and a narcotics transaction, and that the government has failed to do so. The government argues that a lesser standard than "substantial connection" should be applied in section 881(a)(7) cases.

The term "substantial connection" is found in the legislative history of the 1978 amendment to 21 U.S.C. § 881, which added to the statute paragraph (6), a provision providing for the forfeiture of the proceeds of a drug transaction. Nothing indicates that the term was intended to apply to other forfeiture actions. *See United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725, 727 (5th Cir.1982), *cert. denied*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983). Veccio, however, notes that in a case arising under 21 U.S.C. § 881(a)(4), we stated that the government must demonstrate probable cause for the belief that a "substantial connection" ex-

---

5. Section 881(a)(6) provides for forfeiture of the following:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
21 U.S.C.A. (West 1981).

ists between a vehicle and the relevant criminal activity in order to support a forfeiture of the vehicle.[6] *United States v. One 1979 Porsche Coupe,* 709 F.2d 1424, 1426-27 (11th Cir.1983) (vehicle which was used to transport the pivotal figure in an illegal drug transaction several hundred miles to the site of the attempted purchase is subject to forfeiture). Yet using different language later in the opinion, we held that the Porsche had a "sufficient nexus" to the drug transaction to support forfeiture. 709 F.2d at 1427.

The *One 1979 Porsche* court cited as governing the case of *United States v. One 1977 Cadillac Coupe DeVille,* 644 F.2d 500, 503 (5th Cir. Unit B 1981), where a panel of the former Fifth Circuit employed the "sufficient nexus" standard in upholding the forfeiture of an automobile whose sole connection with the crime was its use in transporting a narcotics supplier and accomplice to the site of the transaction.[7] 709 F.2d at 1427. Other circuits have also rejected the use of a "substantial connection" standard in section 881(a)(4) cases. *See 1964 Beechcraft,* 691 F.2d at 727; *United States v. One 1974 Cadillac Eldorado Sedan,* 548 F.2d 421, 423 (2d Cir.1977) (using a "sufficient nexus" standard). *But see United States v. 1966 Beechcraft Aircraft Model King Air,* 777 F.2d 947, 953 (4th Cir.1985).

6. The language of section 881(a)(7) is similar to that of section 881(a)(4), which applies to forfeiture of motor vehicles used to facilitate narcotics transactions. Aside from limited exceptions, section 881(a)(4) subjects to forfeiture "all conveyances ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)." 21 U.S.C.A. (West Supp. 1990).

7. Decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981, are binding precedent in this circuit. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

8. Although other circuits have applied the "substantial connection" standard to section 881(a)(7) cases, *United States v. Schifferli,* 895 F.2d 987 (4th Cir.1990); *United States v. One Parcel of Real Property,* 900 F.2d 470 (1st Cir. 1990), we have declined to reach the issue of

■ Whether we apply a "substantial connection" standard or a "sufficient nexus" standard, the connection between the property in this case and the drug transaction is sufficient to support a forfeiture of the property under 21 U.S.C. § 881(a)(7).[8] Veccio orchestrated a narcotics delivery which occurred on the driveway of his residence. His telephone conversations prior to the deal demonstrate his insistence that the deal take place on familiar territory.[9] Veccio later led the buyer to his residence. The government did not maneuver to have a narcotics deal occur at Veccio's house. The primary basis for forfeiture is that a portion of the defendant property, the driveway, served as the planned site of a ten kilogram cocaine delivery. The property played a central role in the transaction, facilitated the transaction, and was properly held forfeited to the United States.

III. Scope of Forfeiture Under Section 881(a)(7)

■ Veccio contends that even if forfeiture of some portion of his property was justified, forfeiture of all of it should not be allowed because to do so would be disproportionate under the facts. In his argument for apportionment, Veccio relies upon cases arising under criminal forfeiture statutes, such as *United States v. McKeithen,* 822 F.2d 310 (2d Cir.1987) (interpreting 21 U.S.C. § 848(a)(2)) and *United States v.*

whether a lesser connection between the defendant property and the proscribed activity permits forfeiture under section 881(a)(7) when probable cause under the "substantial connection" test exists. *United States v. Camden National Bank,* 920 F.2d 938 (11th Cir.1990). *Cf. United States v. Premises and Real Property at 4492 South Livonia Road, Livonia, New York,* 889 F.2d 1258, 1269-70 (2d Cir.1989) rejecting the "substantial connection" test in section 881(a)(7) cases).

9. These facts distinguish the present case from *United States v. Certain Lots in the City of Virginia Beach, Virginia,* 657 F.Supp. 1062 (E.D.Va. 1987). In that case, a government informant contacted the property owner and requested that a narcotics transaction be concluded at the owner's home. The homeowner initially refused, and only at the informant's insistence finally agreed to use his home as the transaction site. The district court found no "substantial connection" and refused to allow forfeiture.

*Busher,* 817 F.2d 1409 (9th Cir.1987) (interpreting 18 U.S.C. § 1963(a)). In *McKeithen,* however, the statute at issue simply did not provide, as does section 881(a)(7), for forfeiture of an interest in the whole or any lot or tract of land which is used or intended to be used in any manner or in any part to facilitate a drug transaction.[10] Nor does the eighth amendment proportionality analysis used in *Busher* apply in civil forfeiture cases. *See United States v. Tax Lot 1500,* 861 F.2d 232, 234–35 (9th Cir.1988), *cert. denied,* — U.S. ——, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989); *United States v. Santoro,* 866 F.2d 1538, 1543–44 (4th Cir.1989).

Although section 881(a)(7) does not place an express limit on the extent of real property that is forfeitable, other circuits reaching the issue have recognized that section 881(a)(7) by its explicit and broad terms allows for the forfeiture of entire parcels. *United States v. A Parcel of Land With a Building Located Thereon at 40 Moon Hill Road,* 884 F.2d 41, 44–45 (1st Cir. 1989); *Santoro,* 866 F.2d at 1543; *Tax Lot 1500,* 861 F.2d 232 (dwelling house and land were forfeited over claimant's objection that the forfeiture should be limited to the value of the small garden and deck area, of less than 200 square feet, where 143 marijuana plants were growing).

On virtually identical facts, the court in *United States v. Real Property and Residence at 31 N.W. 136th Court, Miami, Florida,* held that the fact that a cocaine delivery was arranged to occur and did occur in the driveway of the defendant property subjected the property, including the defendant's home, to forfeiture. 711 F.Supp. 1079 (S.D.Fla.1989). As that court noted, " '[i]n choosing the language "interest in the whole of any lot or tract of land ... which is used or intended to be used, in any manner of part," Congress expressly contemplated forfeiture of an entire tract based upon drug-related activities on a portion of a tract.' " 711 F.Supp. at 1082 (quoting *United States v. Reynolds,* 856 F.2d 675, 676 (4th Cir.1988) (entire 30 acre

tract was subject to forfeiture even though only the house, driveway, and swimming pool were used for drug transaction).

Veccio arranged the cocaine delivery such that his driveway was used to facilitate a narcotics transaction. Veccio declined to have the sale occur on unknown territory and led the perpetrators away from his restaurant and to his residence. It cannot be said that the use of the property was incidental or fortuitous to the planned exchange. Under the clear language of section 881(a)(7), the district court properly ordered the whole of the defendant property forfeit to the United States.

## CONCLUSION

For the reasons stated above, we affirm the district court's order that the defendant property be forfeited to the United States.

AFFIRMED.

---

**10.** At all times relevant to the proceeding, section 848(a)(2) provided for forfeiture of any "interest in, claim against, or property or con- tractual rights of any kind affording a source of influence over, such [continuing criminal enterprise]." 21 U.S.C.A. (West 1981).