UNITED STATES of America, Plaintiff–Appellant,

v.

REAL PROPERTY LOCATED AT 2323 CHARMS ROAD, MILFORD TOWNSHIP, OAKLAND COUNTY, MICHIGAN; Personal Property—One 1977 Twin Engine Beech Aircraft, Registration Number N58EM; Personal Property—Miscellaneous Items of Personal Property Located at 2323 Charms Road; Currency $517.00, Defendants,

David Gershon, Claimant–Appellee.

Nos. 90–1655, 90–2001.

United States Court of Appeals, Sixth Circuit.

Argued May 17, 1991.

Decided Sept. 13, 1991.

Rehearing and Rehearing En Banc Denied Oct. 28, 1991.

Jennifer J. Peregord, Office of U.S. Atty., Detroit, Mich. (argued and briefed), for plaintiff-appellant U.S.

James W. Burdick, Hertz, Schram & Saretzky, Bloomfield Hills, Mich. (argued and briefed), for appellee David Gershon.

Before MERRITT, Chief Judge, and NORRIS and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

This is a consolidated appeal by the government from two orders of the district court in an unsuccessful civil forfeiture proceeding brought against a twin engine Beech aircraft owned by claimant David Gershon ("Gershon").[1] The first order awarded Gershon expenses and attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] The second order awarded Gershon storage expenses incurred while the aircraft was in the possession of the government.[3] For the reasons that follow, we reverse the

---

1. The government is not appealing the underlying dismissal of the civil forfeiture claim.

2. See United States v. Certain Real Property Located at 2323 Charms Road, Milford Twp., 728 F.Supp. 1326 (E.D.Mich.1990) ("Charms II").

3. See United States v. Certain Real Property Located at 2323 Charms Road, No. 89–CV–70751 (E.D.Mich. June 28, 1990).

order of the district court awarding EAJA fees and vacate and remand the order awarding storage fees.

### I.

On March 8, 1989, officers of the Michigan State Police Narcotic Enforcement Team ("MSP–NET") seized, pursuant to a search warrant, over 500 grams of cocaine and a variety of drug paraphernalia, guns and currency from the residence of Duane Shuley Head ("Head"). Head was subsequently convicted on state felony drug charges. Two days later, the United States filed a verified complaint and affidavit against, *inter alia*, a twin engine Beech aircraft owned by Gershon, an alleged supplier of cocaine to Head. The proceeding against the aircraft was initiated pursuant to 21 U.S.C. § 881(a)(4), which allows for forfeiture of all conveyances, including aircraft, which are used, or are intended for use in any manner in the transportation, sale, receipt, possession or concealment of controlled substances.[4] The complaint, filed under the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"),[5] incorporated by reference an affidavit in support of the seizure warrant sworn by an officer of MSP—NET. On that same day, a magistrate approved a warrant upon an *ex parte* showing of probable cause under 21 U.S.C. § 881(b) and Fed.R.Crim.P. 41, authorizing the government to seize the aircraft.[6] Gershon claimed ownership of the plane on March 22, 1989, and answered the government's complaint on March 27, 1989.

Gershon moved for summary judgment on the grounds that the government's complaint was deficient. The district court treated the motion as a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6). Finding the original complaint to be inadequate in that it failed to set forth probable cause for forfeiture, the court allowed the government ten days in which to file an amended complaint. The government thereafter filed a first amended complaint for forfeiture, which is set forth in relevant part in the attached Appendix. Gershon moved for dismissal of the amended complaint; and on December 5, 1989, the district court dismissed the complaint with respect to the plane *with prejudice* and ordered its return to Gershon. *See United States v. Certain Real Property at 2323 Charms Road, Milford Twp.*, 726 F.Supp. 164 (E.D.Mich.1989) (*"Charms I"*). The district court ruled that "there simply is not enough information set forth in the amended complaint to show that the government can demonstrate probable cause in a forfeiture trial." *Id.* at 168.

Thereafter, Gershon filed a motion for attorneys' fees pursuant to section 2412 of the EAJA, 28 U.S.C. § 2412, alleging that the dismissal of the complaint for insufficiency supported a finding that the government's claim against the plane had not been substantially justified. *See* 28 U.S.C.

---

**4.** 21 U.S.C. § 881(a)(4) provides in pertinent part:

  (a) Property subject
  The following shall be subject to forfeiture to the United States and no property right shall exist in them:
  ....
    (4) All conveyances, including aircraft, vehicles or vessels, which are used, or are intended for use, to transport, or any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances which have been ... acquired in violation of this subchapter].

**5.** Forfeiture complaints under 21 U.S.C. § 881 are subject to procedural requirements established in the customs and admiralty laws. *See* 21 U.S.C. § 881(b) and (d).

**6.** Seizure may be effected under 21 U.S.C. § 881(b) using any one of three summary procedures. First, the government may file a complaint pursuant to Supplemental Rule C(3), whereupon a court clerk "shall forthwith issue a summons and warrant for the arrest of the vessel or other property without requiring a certification of exigent circumstances." The government may also seize the property under applicable customs law pursuant to 21 U.S.C. § 881(d). Third, the government may seek issuance of a seizure warrant under Fed. R.Crim.P. 41, which requires an ex parte probable cause determination by a judicial officer. *See generally, United States v. Premises and Real Property at 4492 South Livonia Road, Livonia, New York*, 889 F.2d 1258, 1262–63 (2d Cir.1989). In this case the government proceeded under Fed.R.Crim.P. 41.

§ 2412(d)(1)(A) & (B). The district court agreed and granted claimant's motion. *See United States v. Certain Real Property at 2323 Charms Road, Milford, Twp.*, 728 F.Supp. 1326 (E.D.Mich. January 18, 1990) (*"Charms II"*). The district court also concluded that an upward departure from the $75.00 per hour cap of § 2412(d)(2)(A) was justified, and found an hourly rate of $125.00 to be reasonable compensation for Gershon's attorney. *Id.* at 1329–30. Following submission of an itemized time record, the court ordered $12,500.00 in attorneys' fees and $678.12 in expenses. In addition, the court granted Gershon's motion to require the government to pay for expenses incurred for storage of the aircraft while in the government's possession during the pendency of the forfeiture litigation. *See United States v. One 1977 Twin Engine Beech Aircraft, Registration Number N58EM*, No. 89–70751 (E.D.Mich. June 28, 1990). This appeal followed.

## II.

### A.

The government raises two arguments in support of its contention that the district court erred in awarding claimant EAJA fees. The government asserts that its position was substantially justified because the complaint set forth a sufficient factual basis for forfeiture; and secondly, that on the basis of the complaint and affidavit, a magistrate found probable cause for the seizure of the airplane.

■ The EAJA provides in pertinent part that a court "shall award to a prevailing party other than the United States fees and other expenses" in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government's position under section

2412(d)(1)(A) is "substantially justified" if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). *See also Willis v. Sullivan*, 931 F.2d 390 (6th Cir.1991); *United States v. One 1985 Chevrolet Corvette*, 914 F.2d 804, 808 (6th Cir. 1990). In *Pierce*, the Supreme Court further explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.*, 487 U.S. at 566 n. 2, 108 S.Ct. at 2550 n. 2; *One 1985 Chevrolet Corvette*, 914 F.2d at 808. The Court in *Pierce* also indicated that objective indicia, such as the stage in which the proceedings were resolved and the legal merits of the government's position may be relevant in assessing a district court's determination of reasonableness. 487 U.S. at 568–70, 108 S.Ct. at 2551–53. A district court's award under EAJA is reviewed for an abuse of discretion. *One 1985 Chevrolet Corvette*, 914 F.2d at 807 (citing *Pierce*, 487 U.S. at 563, 108 S.Ct. at 2549).

■ In order to determine whether the government's conduct in initiating forfeiture proceedings against the defendant aircraft was reasonable, we must examine its burden under the appropriate statutes. The fact that the government failed to achieve forfeiture raises no presumption that its position lacked substantial justification. *United States v. B & M Used Cars*, 860 F.2d 121, 124 (4th Cir.1988). Because this case was dismissed on the pleadings, we must evaluate the government's burden at this stage in the litigation. A complaint for forfeiture under 21 U.S.C. § 881 is subject to the particularity requirements set forth in Supplemental Rule E(2). *See* 21 U.S.C. § 881(b).[7] Supplemental Rule E(2)(a) provides:

> Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any

---

**7.** 21 U.S.C. § 881(b) provides:

(b) Seizure pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims; issuance of warrant authorizing seizures

In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Supplemental Rule E(2)(a) imposes a more stringent standard than the pleading requirements of the Federal Rules of Civil Procedure. "The requirement is not merely a procedural technicality, but a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 638 (1st Cir.1988); *United States v. Premises and Real Property at 4492 South Livonia Road, Livonia, New York*, 889 F.2d 1258, 1266 (2d Cir.1989) (quoting *Pole No. 3172, Hopkinton*). As noted by the First Circuit:

> The Supplemental Rule E(2)(a) particularity requirement is designed to assure that the forfeiture complaint apprises potential claimants of· the circumstances which support the government's contention that there is probable cause to believe that the defendant property was *connected with* illegal drug activity, thus enabling claimants to commence an investigation of the facts and to frame a responsive pleading.

*United States v. One Parcel of Real Property*, 921 F.2d 370, 375 (1st Cir.1990) (citations and internal quotations omitted; emphasis in original). Thus, a section 881(a) forfeiture complaint "must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture." *Pole No. 3172, Hopkinton*, 852 F.2d at 638 (quoting *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1548 (11th Cir.1987). *See also United States v. Real Property and Residence at

*3097 S.W. 111th Avenue, Miami, Florida*, 921 F.2d 1551, 1554–55 (11th Cir.1991) ("[e]ssentially the complaint must contain factual allegations sufficiently particular to enable a claimant to begin an investigation of the facts to frame a responsive pleading"); *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1219 (10th Cir.1986) ("specific facts sufficient to support a inference that the property is subject to forfeiture ...."). In other words, the complaint "need not allege facts sufficient to support a 'reasonable belief that specific property is tainted,' but facts sufficient to support 'a reasonable belief that the government *could demonstrate probable cause*' for finding the property tainted." *One Parcel of Real Property*, 921 F.2d at 376 (citing *Pole No. 3172, Hopkinton*, 852 F.2d at 640) (emphasis added)).

▮ In dismissing the government's amended complaint for insufficiency the district court in the instant case held that "[i]f the government's allegations, taken as true, would not establish probable cause for the forfeiture, then the government cannot shift the burden to the claimant at trial, and the complaint must be dismissed." *Charms I*, 726 F.Supp. at 167 (emphasis added). After assessing the allegations of the amended complaint, the court held that "there simply is not enough information set forth in the amended complaint to show that the government can demonstrate probable cause in a forfeiture trial." *Id.* at 168. In light of the plain language of Supplemental Rule E(2)(a) and the holdings of other courts, we believe that the district court imposed a more stringent standard than is required by the Supplemental Rule. There is no language in the Supplemental Rule E(2)(a) itself or the case law to support the proposition that the government must demonstrate probable cause for forfeiture in its complaint; or in other words, carry its trial burden [8] at the pleading stage.

district court of the United States having jurisdiction over the property....

**8.** In a forfeiture proceeding under 21 U.S.C. § 881, the government has the initial burden of showing probable cause for institution of the suit. *See* 21 U.S.C. § 881(d) (expressly incorpo-

rating the standard set forth in 19 U.S.C. § 1615). *See also United States v. $83,320 in United States Currency*, 682 F.2d 573, 576–77 (6th Cir.1982). This court has noted that the probable cause standard applicable in a forfeiture trial "is not a special term of art, but is the

Having established the appropriate legal standard, we must now consider the government's argument that its position, as reflected in the factual allegations contained in the amended forfeiture complaint, was substantially justified. "Whether the complaint contained sufficient allegations to comply with the particularity requirement of the applicable procedural rules is an issue of law subject to plenary review." *Real Property and Residence*, 921 F.2d at 1554. The material allegations of the government's amended complaint in this case included *inter alia*, the following: 1) information received from an undercover source that Gershon was a supplier of cocaine to Head, a convicted drug dealer, who was selling cocaine at his [Head's] residence at 2323 Charms Road; 2) information obtained by investigating officers that Gershon was the owner and pilot of the subject aircraft; 3) information gleaned from the DEA's Narcotics and Dangerous Drugs Information System ("NADDIS") concerning prior drug contacts, some involving aircraft (for which Gershon was never charged); and 4) the fact that trained detection dogs alerted to an exterior panel and an interior area of the aircraft.

We believe that the allegations in the government's amended complaint are sufficiently particularized to allow the claimant to "commence an investigation of the fact and to frame a responsive pleading" without moving for a more definite statement. Furthermore, the allegations that Gershon owned the plane, was a pilot, supplied cocaine to the residence of a known drug trafficker, and had been involved in past illegal drug transactions, some utilizing aircraft, supported a reasonable inference that Gershon intended to use his aircraft to transport controlled substances. A comparison of the amended complaint in this case with other cases which have held that the complaint contained sufficient allegations to comply with the particularity re-

quirement further dictates the result here. *Compare, Real Property and Residence*, 921 F.2d 1551 (in § 881(a)(7) case, complaint held sufficient where it described how, when, and where cocaine delivery occurred, named two of the participants and described role played by each participant in narcotics exchange); and *One Parcel of Real Property*, 921 F.2d 370 (forfeiture complaint sufficient where complaint and incorporated affidavit alleged that defendant property, though purchased in claimant's names, constituted proceeds of illegal narcotics transactions conducted by claimant's son); *United States v. Parcels of Land*, 903 F.2d 36 (1st Cir.1990) (complaint specifically incorporating facts recited in agents affidavit which was attached to complaint detailed evidence relied on by government to support forfeiture claim, thereby meeting particularity requirements); *and Premises and Real Property at 4492 South Livonia Road*, 889 F.2d 1258 (supporting affidavit which stated dates, circumstances, location and parties to alleged drug transactions as well as drugs and drug paraphernalia seized from premises cured objective complaint that merely tracked the statutory language so as to satisfy particularity requirements of Supplemental Rule E(2)(a); *with Pole No. 3172, Hopkinton*, 852 F.2d 636 (complaint failed to meet particularity requirement because it merely described the property and tracked the language of the statute in stating that the property was forfeitable and provided no facts to support its claim); *and $38,000.00 in United States Currency*, 816 F.2d 1538 (complaint insufficient to meet particularity requirements where it contained "not even a whiff of evidence" to suggest that currency was in any way linked to exchange of controlled substance); *and $39,000 in Canadian Currency*, 801 F.2d 1210 (forfeiture complaints were insufficient where they merely

same standard employed to test searches and seizures generally." *United States v. One 1985 Chevrolet Corvette*, 914 F.2d 804, 809 (6th Cir. 1990) (quotations omitted). Probable cause is defined as a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *$83,320 in*

*United States Currency*, 682 F.2d at 577 (citation omitted). Once the government has made its probable cause showing, the burden under 19 U.S.C. § 1615 shifts to the claimant to demonstrate by a preponderance of the evidence that the factual predicates for forfeiture have not been met. *Id.*

tracked the language of the statute). *United States v. Certain Real Estate Property Located at 4880 S.E. Dixie Highway,* 838 F.2d 1558 (11th Cir.1988) (government's position in underlying forfeiture was not substantially justified where complaint contained no supporting allegations to indicate that property was subject to forfeiture). We therefore reverse the district court's award of EAJA fees and remand for further proceedings.

Having concluded that the government's amended complaint meets the particularity requirements of Supplemental Rule E(2)(a) and that the government's position was therefore "substantially justified" for purposes of EAJA even though it ultimately did not prevail on the merits, we need not address the government's alternative argument that its position was substantially justified because the magistrate made a finding of probable cause on the basis of the complaint and affidavit.

### B.

■ The government also challenges the district court's order awarding Gershon storage expenses incurred while the airplane was in the government's possession. In doing so, the district court failed to articulate the legal authority for its holdings. We therefore VACATE the district court's order regarding storage costs and REMAND with instructions to specify the legal basis for such an award.

For all the foregoing reasons, the district court's order awarding Gershon expenses and attorneys' fees under EAJA is REVERSED and its order regarding storage fees is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

### APPENDIX

*Excerpt from First Amended Complaint for Forfeiture*

12) The second named defendant is described as a 1977 twin engine Beech Aircraft, Registration Number N58EM.

13) This defendant item is subject to forfeiture to the United States in that it was used as a container for illegal controlled substances and or as a conveyance used or intended to be used to transport or deliver illegal controlled substances in violation of the drug laws of the United States. 21 USC 881(a)(3) and (4). In further support of the allegations set forth in this paragraph, the following facts are presented.

(a) Information was received by investigating officers that SCHULEY DUANE HEAD was receiving quantities of cocaine from an individual named DAVID GERSHON and that SHULEY DUANE HEAD was selling cocaine from his residence at 2323 Charms Road. Additional information was provided that GERSHON was a pilot, that he owned a blue and white twin engine propeller aircraft, that the registration number of that aircraft was N58EM, and that the aircraft was located at the Oakland–Pontiac airport.

(b) During the execution of the state search warrant at 2323 Charms Road, officers recovered cocaine, cocaine use, packaging and distribution materials, and drug sales ledgers as indicated above in paragraph 5(d). The items recovered supported the information that SHULEY DUANE HEAD was in fact a trafficker in cocaine and used his residence located at 2323 Charms Road for the purpose of distributing cocaine.

(c) Independent investigation conducted by the investigating officers established that DAVID GERSHON had been the subject of prior controlled substance investigations:

(1) In 1975, special agents of the Federal Bureau of Investigation obtained and executed a search warrant on an aircraft owned by DAVID GERSHON which resulted in the confiscation of $78,000 from the interior of the aircraft;

(2) In 1984 information was provided to special agents of the Drug Enforcement Administration that DAVID GERSHON was the pilot of an aircraft travelling to Miami to pick up and transport 20 kilos of cocaine;

(3) In 1985 information was provided to special agents of the Drug Enforcement

Administration that DAVID GERSHON had transported 550 pounds of marijuana;

(4) In 1987 information was received by special agents of the Drug Enforcement Administration that DAVID GERSHON was involved in the distribution of LSD in the southeast Michigan area.

(d) Officers also established that DAVID GERSHON was a pilot, that a blue and white 1977 Beech aircraft was registered under his name, that such an aircraft was located at the Oakland–Pontiac Airport, and that it did operate under a registration number of N58EM. Officers also have determined that DAVID GERSHON purchased the aircraft in 1987 for a price of approximately $75,000, one-half of which was paid in cash, one-half by check.

(e) A seizure warrant was obtained from a Magistrate of the United States District Court for the Eastern District of Michigan regarding this aircraft. Prior to the execution of that seizure warrant, officers took the action described in the next sub-paragraph of this Complaint.

(f) As part of this investigation, officers obtained the services of a trained drug detection canine and its handler and went to the Oakland–Pontiac Airport. Upon locating the described aircraft, officers allowed the dog to "sniff" the exterior of the aircraft. The canine made an immediate and positive indication to a panel of the rear passenger area of that aircraft. The training and experience of the investigating officers and the dog handler has established that such an indication means that, on the specific facts of the instant case, the aircraft had been used to contain, possess, conceal, and or transport illegal controlled substances.

(g) Upon the execution of the seizure warrant, the canine was allowed to "sniff" the interior of the aircraft at which time the canine alerted to the interior of the aircraft, in an area behind the rear seat.

(h) Officers learned that DAVID GERSHON owed Michigan Aviation approximately $5,000 in storage and maintenance fees regarding this aircraft. Further investigation has established that GERSHON has paid Michigan Aviation $4,200 toward this bill. Documents indicate that to pay this bill, GERSHON obtained cashiers checks with cash.

(i) During the deposition of MARILYN DINNING, she testified that during the time she was married to SHULEY DUANE HEAD, DAVID GERSHON was a mutual friend and would visit their residence.

(j) Investigating officers have recovered several aerial photographs of SHULEY DUANE HEAD'S residence located at 2323 Charms Road from the interior of that location.

(k) On 25 August 1989, SHULEY DUANE HEAD was convicted by a jury sitting in the Oakland County Circuit Court of possession with intent to deliver cocaine in excess of 225 grams but less than 650 grams. This conviction is a felony under state law which requires the imposition of a ten year period of mandatory incarceration.

14) The Plaintiff United States thus asserts that it has probable cause to believe that the described defendant aircraft is subject to forfeiture to the United States as both a container and a conveyance used or intended to be used to facilitate a violation or violations of the drug laws of the United States.

MERRITT, Chief Judge, dissenting.

The government apparently did not have sufficient evidence to prosecute the owner of the airplane criminally, so it decided to seize the airplane through summary forfeiture proceedings. After giving the government an opportunity to amend its complaint to allege the legal basis for the forfeiture "with particularity," as required by Rule E(2)(a), Judge Avern Cohn dismissed the complaint as too indefinite to meet the test. The government lost the case. It did not appeal the case, and that judgment is final. Thus the government must now concede, as the law of the case, that its complaint does not justify the attempted seizure of the twin engine airplane. The only question under the Equal Access to Justice Act is whether there was "substantial" justification for the government's position. It would seem to me that on this question—in

a case in which it must be conceded that the government's action is unjustified—we should give substantial deference to the findings of the District Court. That is the position the Supreme Court took in a recent Equal Access to Justice Act case, *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988): "[S]ound administration counsels deferential review of a district court's decision regarding attorney's fees under the EAJA."

I do not think we have to give Judge Cohn very much deference in this case to uphold his findings and conclusions. I agree with Judge Cohn that the government should not be able to confiscate a citizen's property summarily—whether a home, a car or an airplane—on the vague and indefinite allegations of the complaint in this case. If it can do so, every citizen's property is in peril, not just alleged drug dealers. We should not allow the war on drugs to continue to water down all rules of procedure.

The key allegations of the complaint are in the passive voice. "Information was received," the government says. The "investigation established," it repeats. The source of the information is not stated. How and from whom the investigation "established" the fact that the plane was a drug plane is left unstated. Nothing is recited about the reliability of the information, where it came from, how many levels of hearsay are involved, or the thoroughness of the investigation. No specific person is alleged to have seen, heard, smelled or touched anything that would make this a drug plane.

The government's use of language here is the same linguistic double talk used by the police as they ensnared the hapless Joseph K. in Kafka's *The Trial.* How is either Joseph K. or the owner of property to reply when the case against him is based on unknown sources, unidentified people and an undescribed investigation?

The District Court's judgment in this case is correct, and I, therefore, dissent

from the views stated by my colleagues in this appeal.