**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF PROPERTY LOCATED AT 2556 YALE AVENUE, et. al., Defendants.**

No. 96–3270D.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 17, 1998.

Christopher E. Cotten, U.S. Atty's Office, Federal Office Bldg., Memphis, TN, for U.S.

James R. Garts, Jr., Harris Shelton Dunlap & Cobb, Memphis, TN, Gerald F. Easter, Law Offices of Gerald F. Easter, Memphis, TN, E.E.Edwards, III, Edwards & Simmons, Nashville, TN, for Defendants.

## ORDER DENYING CLAIMANTS' MOTION TO DISMISS

DONALD, District Judge.

Before the court is the motion of Claimants, James Elkins, Carol Elkins, Renaissance Investments, Inc. and RICAS Properties, Inc., to dismiss thirteen (13) of Plaintiff's sixteen (16) consolidated forfeiture cases, for failure to state a claim upon which relief can be granted pursuant to Federal Rule Civil Procedure 12(b)(6). For the following reasons, the Court denies Claimants' 12(b)(6) motion to dismiss.

## I. BACKGROUND FACTS

In July, 1996, Detectives Ralph Gary and Deon Cincinelli of the Memphis Police Department's Organized Crime Unit received information that marijuana was being grown in a building located at 155 Scott Street in Memphis, Tennessee. On, or about, August 21, 1996, after investigating this information, Detectives Gary and Cincinelli spoke with James Elkins, the owner of the building, at his home at 1270 Tutwiler in Memphis, Tennessee. Mr. Elkins, according to the affidavit of Special Agent Thomas Morgan of the Drug Enforcement Administration (DEA), gave the detectives his consent to search the building and agreed to accompany them there to let them in. On the way to the building, Elkins allegedly drove extremely slowly and took a circuitous route. The detectives allegedly discovered approximately five (5) pounds of processed marijuana inside the building located at 155 Scott Street in Memphis, Tennessee. During the search, detectives Gary and Cincinelli noticed a room in the building without a door. The detectives made a hole in the wall after obtaining Elkin's consent, according to Special Agent Thomas Morgan's affidavit. The officers entered and found what appeared to be a marijuana growing operation, which was not then in use, complete with lights, tanks, hoses, and chemicals and other equipment needed to grow marijuana. Subsequently, James Elkins and his wife, Carol Elkins, who was at the 155 Scott Street building when the detectives arrived, were placed under arrest, and subsequently charged with various violations of drug laws.

Search warrants were obtained that same day for buildings at 146 Neil Street and 2896 Walnut Grove Road, both in Shelby County, Memphis, Tennessee and owned by James Elkins and Carol Elkins.

Officers executing the search warrant at 2896 Walnut Grove Road, a warehouse-type building, discovered a complete, active marijuana growing operation, including equipment used for growing marijuana. The officers found approximately 1306 growing

marijuana plants, firearms, and six (6) Mexican nationals who were apparently living in the warehouse.

The warehouse at 146 Neil Street housed a second active marijuana growing operation with all the necessary equipment. This marijuana operation was discovered during a search of the premises. An additional two (2) Mexican nationals were discovered inside the 146 Neil Street warehouse with approximately 320 growing marijuana plants and approximately 794 plants already harvested.

Memphis police officers served a search warrant at 1270 Tutwiler, the Elkins' residence. The officers discovered, what appeared to be, a dormant marijuana grow, and approximately four (4) pounds of processed marijuana in an upstairs attic. On the stairwell leading to the attic, officers discovered approximately 253 grams of cocaine.

Once the arrest of James Elkins and Carol Elkins had taken place, law enforcement officials seized all financial records for Elco Construction, Renaissance Properties, and Rica Properties found in the principal business offices for these entities. These were all companies owned and controlled by the Elkins. The business records for these companies were examined by Special Agent John Rankin of the Internal Revenue Service. According to Special Agent Morgan's affidavit, ledgers, spreadsheets, or any other accounting documents reflecting money or other income coming into any of these companies was absent. The records reportedly showed payments to vendors and employees, as well as any other business conducted by the companies, was done almost entirely in cash, cashier's checks, and money orders. The bank statements and other company records of the Elkins show almost no evidence of funds coming into these companies from their business activities, but show a substantial amount of money being paid out. According to Special Agent Morgan's affidavit, records show outgoing payments from the businesses exceeding the deposits into the companies' bank accounts by more than $100,000.

Further police investigation of public records, and business records of the Elkins, show James Elkins and Carol Elkins owning a number of parcels of real property, either personally or through companies controlled by them, the following properties: One parcel of real property located at 101 South Front Street, Memphis, Tennessee; One parcel of real property located at 880 North Germantown Parkway, Cordova, Tennessee; One parcel of real property located at 2896 Walnut Grove Road, Memphis, Tennessee; One parcel of real property located at 155 Scott Street, Memphis, Tennessee; One parcel of real property located at 139 Scott Street, Memphis, Tennessee; One parcel of real property located at 137 Scott Street, Memphis, Tennessee; One parcel of real property located at 165 Neil Street, Memphis, Tennessee; One parcel of real property located at 2459 Harvard Street, Memphis, Tennessee; One parcel of real property located at 2473/2475 Harvard, Memphis, Tennessee; One parcel of real property located at 2469 Harvard Street, Memphis, Tennessee; One parcel of real property located at 2463 Harvard Street, Memphis, Tennessee; One parcel of real property located at 146 Neil Street, Memphis, Tennessee; One parcel of real property located at 183 Neil Street, Memphis, Tennessee; One parcel of real property located at 83 Madison Avenue, Memphis, Tennessee; One parcel of real property located at 115 South Front Street, Memphis, Tennessee; One parcel of real property located at 646 East Street, Memphis, Tennessee; One boat slip, Number D–25, located at East Harbor Bend Marina, Memphis, Tennessee; One parcel of real property located at 1270 Tutwiler, Memphis, Tennessee; One parcel of real property located at 1254 Tutwiler, Memphis, Tennessee; One parcel of real property located at 2468 Hale, Memphis, Tennessee; One parcel of real property located at 395 North Willet, Memphis, Tennessee; One parcel of real property located at 2499 Hollins, Memphis, Tennessee; One parcel of real property located at 2495 Hollins, Memphis, Tennessee; One parcel of real property located at 2503 Hollins, Memphis, Tennessee.

Agent Rankin has examined the sale documents for some of the properties in question. The sales contracts, for several of the properties, show a price which was considerably

less than the money actually paid to the seller at closing. The additional payments were reflected in a "private addendum" for each purchase found among the Elkins' records, but not made part of the closing documents according to the affidavit of Special Agent Morgan. Jeanette Martin, the seller of the real property at 115 S. Front Street to the Elkins, told Agent Rankin that James Elkins refused to provide her with a copy of the private addendum used in the sale.

## II. SUBJECT MATTER JURISDICTION

This civil action is brought in response to a forfeiture of real property proceeding, by the United States, regarding real properties 2556 Yale Avenue, et al., located in Shelby County, Memphis, Tennessee, and the territory of the U.S. District Court, Western Division. Therefore, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355.

## III. STANDING

◼ A person must have standing to become a claimant in a forfeiture action brought by the United States. The claimant has the burden of proving an interest in the property sufficient to establish his standing under 28 U.S.C. § 881 to contest the seizure and resulting forfeiture. *United States v. Premises Known as 526 Liscum Drive*, 866 F.2d 213 (6th Cir.1989). The affidavit of complaint, by Agent Morgan, is sufficient evidence to show the claimants have an interest in the real property subject to forfeiture. See *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Therefore, the claimants have standing to challenge the government's forfeiture action.

## IV. STANDARDS OF REVIEW

A. *Motion to Dismiss Pursuant to Rule 12(b)(6):*

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would

entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990). The court is limited to examining whether plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990). All facts alleged in the complaint must be accepted as true. *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987). The court should not weigh evidence or evaluate the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). Additionally, the court must liberally construe the complaint in favor of the party opposing the motion. *Id.*

A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, the complaint must articulate more than bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). While "a complaint need not set down in detail all the particularities of a plaintiff's claim," the complaint must give the defendant "fair notice of what the defendant's claim is and the grounds upon which it rests." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid*, 859 F.2d at 436.

B. *Civil Forfeiture Action:*

◼ The government's burden at the pleadings stage is governed by Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(2)(a), which requires that the government's complaint "state the circumstances from which the claim arises with such particularity that the defendant or

claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading". The court is to assess probable cause[1] at the time of the hearing, not at the time of seizure. *United States v. $67,220.00 in the United States Currency*, 957 F.2d 280, 284 (6th Cir.1992).

Supplemental Rule E(2)(a) imposes a more stringent standard than the pleading requirements of the Federal Rules of Civil Procedure. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 441 (6th Cir.1991). "The requirement is not merely a procedural technicality, but a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *Id.*, quoting *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 638 (1st Cir.1988). The Supplemental Rule E(2)(a) particularity requirement is designed to assure that the forfeiture complaint apprises potential claimants of the circumstances which support the government's contention that there is probable cause to believe that the defendant property was connected with illegal drug activity, thus enabling claimants to commence an investigation of the facts and to frame a responsive pleading. *Charms Road* at 441. A section 811(a) forfeiture complaint "must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture." *Charms Road* at 441; *Pole No. 3172, Hopkinton*, 852 F.2d at 638 (quoting *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1548 (11th Cir.1987)). The complaint "need not allege facts sufficient to support a 'reasonable belief that specific property is tainted,' but facts sufficient to support 'a reasonable belief that the government could demonstrate probable cause' for finding the property tainted." *Charms Road* at 441; *U.S. v. One Parcel of Real Property*, 921 F.2d 370, 376 (1st Cir. 1990) (citing *Pole No. 3172, Hopkinton*, 852 F.2d at 640) (emphasis added).

In *Charms Road*, the District Court dismissed the complaint because the government's allegations, taken as true, could not shift the burden at trial. *Charms Road* at 441. The Sixth Circuit reversed the ruling, and held that "there is no language in the Supplemental Rule E(2)(a) itself or the case law to support the proposition that the government must demonstrate probable cause for forfeiture in its complaint; or in other words, carry its trial burden at the pleading stage". *Charms Road* at 441.

The First Circuit looked at the "aggregate" of the facts, and applied "common experience considerations" in deciding whether the money is probably derived from drug transactions. *United States v. $250,000 in United States Currency*, 808 F.2d 895, 899 (1st Cir.1987). The government's evidence need not exclude other plausible hypotheses of the source of the money. *Id.*

The complaint need not allege facts sufficient to support "a reasonable belief that specific property is tainted," but facts sufficient to support "a reasonable belief that the government could demonstrate probable cause" for finding the property is tainted. *United States v. One Parcel of Real Property*, 921 F.2d 370, 375 (1st Cir.1990) (quoting *Pole No. 3172, Hopkinton*, at 640 (emphasis added)).

The government merely describing the property, and stating that it was forfeitable as proceeds of a drug transaction provides no facts. *Pole No. 3172, Hopkinton*, at 638. Requiring the complaint to state the circumstances from which the claim arises with particularity is "not merely a procedural technicality, but a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim". *Id.*

## V. ANALYSIS

The instant motion is not directed at three parcels of real property, 2869 Walnut Grove, 146 Neil and 155 Scott, subject to the governments consolidated section 881 forfeiture case. Police discovered marijuana growing

---

1. The probable cause required to be established is that there is a substantial connection between the property and the underlying criminal activity.

*United States v. $53,082.00 in U.S. Currency*, 985 F.2d 245, 248 (6th Cir.1993).

operations at 2896 Walnut Grove and 146 Neil, and approximately five pounds of processed marijuana at 155 Scott. (Morgan Affidavit). These parcels of real property were purchased by the claimants on July 28, 1996, March 10, 1995 and January 4, 1994, respectively.

The government alleges that eight (8) of the properties were acquired on various dates in 1995 and 1996: 2556 Yale Avenue, 2473/2475 Harvard, 183 Neil, 137 Scott, 165 Neil, 646 East, Boat Slip D–25, and 115 South Front. The remaining five (5) properties were acquired before or at the same time as the earliest of the three (3) marijuana facilitating properties.

The claimants argue that the latter five (5) properties could not possibly have been purchased with revenue from any drug activity alleged by the government. Further, claimants argue, as to the former eight (8) properties, that the government's complaint does not plead sufficient facts to determine how much was paid out, rather than financed, in any of these properties. Thus claimants contend, no reasonable inference can be drawn that either large amounts of equity were poured into these properties which may have been drug proceeds, or that only minimal amounts of equity were invested with the balance financed. The claimants theoretically concede that drug revenue could have been used to acquire some of the properties in 1995 or 1996, but argue it is just as reasonable to infer that some or all of these properties could have been acquired though legitimate means since the properties generated tenant revenue, which inured to claimants in 1995 and 1996.

The government states that all of the claimants' properties, except for the Boat Slip D–25 purchased August 12, 1996, have outstanding liens, and therefore it is reasonable to infer that in order to avoid foreclosure, claimants made lien payments from the marijuana growing operations. The government argues that it is not necessary at this point to establish what portion of the payments towards the purchase of the claimant's properties came from drug trafficking. Case law supports the government's position. *United States v. Real Property Located at* *2323 Charms Road,* 946 F.2d 437, 441 (6th Cir.1991); *One Parcel of Real Property,* 921 F.2d 370, 376 (1st Cir.1990) (citing *Pole No. 3172, Hopkinton,* 852 F.2d at 640).

A forfeiture of property action may be brought, by the government, under 21 U.S.C. § 881(a)(6) if proceeds can be traced to the exchange of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* A section 881 complaint must, pursuant to Rule E(2)(a) of the Supplemental Admiralty and Maritime Claims, "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading". Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(2)(a), 28 U.S.C.A.

■ The complaint need not allege facts sufficient to support a "reasonable belief" that the property is tainted, because to require so would impose on the government its trial burden of demonstrating probable cause at the pleadings. *United States v. Real Property Located at 2323 Charms Road,* 946 F.2d 437, 441 (6th Cir.1991). The government, in the case at bar, stated that all parcels of real property have mortgages, and to avoid foreclosure, the claimants used proceeds, traceable to the exchange of a controlled substance in violation of Title II of the Controlled Substances Act, to make payments on those liens. In addition, the government notes the absence of records, for the companies owned and controlled by the Elkins, showing money or other revenue coming into the company infers, from common sense and experience, that these companies are engaging in drug trafficking while using large sums of cash to conduct business, and concealing that money in business ventures which appear to be legitimate.

Applying the standard from *Charms,* the government's complaint has alleged facts sufficient to support a reasonable belief that the government could demonstrate probable cause to find the property tainted. *Charms,* 946 F.2d at 441. Accordingly, the complaint sufficiently states a cause of action upon which relief can be granted. Dismissal pur-

suant to Fed.R.Civ.P. 12(b)(6) is therefore not appropriate.

Based on the foregoing, claimants' motion to dismiss is DENIED.