**Sarah E. GREEN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–3002.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

## ORDER

The attorney for Sarah E. Green appeals a district court order denying his request for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The parties have waived oral argument and this panel agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Green filed an application for supplemental security income benefits on April 26, 1994. After a hearing, an administrative law judge (ALJ) found that Green could perform a significant number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision.

Green then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court remanded the case to the Commissioner for a determination as to whether Green could perform light work.

After obtaining the order of remand, Green's counsel, Brian Ramsey, then requested attorney's fees in the amount of $5,985 under the EAJA. The district court denied the motion, finding that although the court had remanded the case to the Commissioner for a new hearing, the Commissioner's position was substantially justified. A subsequent request for reconsideration was also denied.

On appeal, Ramsey asserts that the district court erred in concluding that the Commissioner's decision was substantially justified.

We review the district court's decision for an abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 506 (6th Cir.1998).

The EAJA provides that a court should award fees and other expenses to a prevailing party, other than the United States, in any civil action brought by or against the United States, unless the court finds that the position of the United States was essentially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in a civil action requires that the claimant be a prevailing party, that the government's position was not "substantially justified," and that no special circumstances makes the award unjust. *Commissioner, INS. v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). This court has defined "substantially justified" under the EAJA to mean justified in substance or justified to a degree that could satisfy a reasonable person. A position can be justified even though it is not correct and can be justified if a reasonable person could think it correct, that is, that it has a reasonable basis in law and fact. *United States v. Real Property Located at 2323 Charms Road,* 946 F.2d 437, 440 (6th Cir.1991).

As the district court noted, the Commissioner's decision was substantially justified. The government was successful in defending the Commissioner's decision as to his evaluation regarding Green's lack of grip strength, environmental restrictions, and reliability of several of her doctors. Furthermore, the court found that the medical evidence did not support her testimony about her complaints of pain. Rather, the district court remanded the request for benefits to the Commissioner for further development of the record as to whether Green could perform light work. As the government was successful in defending the Commissioner's decision on several issues, the government's position was substantially justified and the denial of attorney's fees under the EAJA was not an abuse of discretion.

Accordingly, we affirm the district court's order.