**UNITED STATES of America Plaintiff,**

v.

**A) $21,510 in U.S. Currency B) $10,240 in U.S. Currency C) Gent's Rolex Watch Style No. 16628860/B7876**

**No. CIV.02–2688 HL/GAG.**

United States District Court,
D. Puerto Rico.

Nov. 13, 2003.

Isabel Muñoz Acosta, Assistant United States Attorney, San Juan, PR, for Plaintiff.

Luis Rafael Rivera, San Juan, PR, for Claimant.

### OPINION & ORDER

GELPI, United States Magistrate Judge.

The United States of America ("the government") commenced this forfeiture action by filing a verified complaint for forfeiture *in rem* against currency and one Rolex watch seized from claimant Jorge L. Rosado–Sierra's residence during the execution of a federal search warrant. The government alleges that the currency and Rolex are forfeitable as narcotics proceeds under 21 U.S.C. § 881(a)(6).

The government filed a motion for summary judgment on September 22, 2003, pursuant to Rule 56(c) of Federal Rules of Civil Procedure. (Docket No. 31). The claimant filed an opposition to the government's motion and a cross-motion for summary judgment on October 7, 2003.

(Docket No. 32). The government responded with an opposition to claimant's cross-motion for summary judgment on October 27, 2003. (Docket No. 36).

### I. Standard of Review

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor. *See id.* "If, after canvassing the material presented, the district court finds *some* genuine factual issue remains in the case, whose resolution one way or the other *could* affect its outcome, the court must deny the motion." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added). The Court is free, however, to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.'" *Suárez v. Pueblo Int'l Inc.,* 229 F.3d 49, 53 (1st Cir.2000) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

### II. Factual Background

The claimant, Jorge L. Rosado–Sierra, is the owner of Rosado Construction, an unincorporated construction company that specializes in subcontracting. (*See* Docket 32, p. 3 ¶ 3). The claimant's business has

been registered with the Puerto Rico Department of Consumer affairs since December 7, 2001.[1] *Id.* On May 30, 2002, the claimant was indicted for intentionally and unlawfully conspiring to distribute multi-kilograms of heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846. On June 4, 2002, claimant was arrested. (*See* Docket 31, p. 1). On the same day, a federal search warrant was executed at claimant's home. *Id.* Some of the items seized from claimant's home were two clear plastic bags, one containing 29.2 grams of diazepam, and the other containing 914.3 grams of lactose, a black duffle bag containing $21,510.00 in cash, a beige safety deposit box containing $10, 240.00 in cash, and one Rolex watch. *Id.* On August 22, 2003 claimant pled guilty to the above mentioned charges. (*See* Docket 31, Exhibit IV).

## III. *Legal Analysis*

### Burdens of Proof and the Civil Asset Forfeiture Reform Act of 2000

In its complaint, the government alleges that the seized currency and Rolex watch are forfeitable as narcotics proceeds under 21 U.S.C. § 881(a)(6). Title 21, section 881(a)(6) of the United States Code states in pertinent part, "all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance and all proceeds traceable to such an exchange are subject to forfeiture." In response, the claimant asserts that he is an "innocent owner" under the newly amended civil forfeiture statute. *See* 21 U.S.C. § 881(a)(7) (1999) (amended 2000). If satisfied, the "inno-

cent owner" defense prevents the civil forfieture of property from an individual that did not know of or could not prevent the illegal use of his property. *See* 18 U.S.C. § 983(d)(2)(A)(i), (ii). However, addressing claimant's "innocent owner" defense at the outset is premature. The Court must first address whether the currency and watch are actually an appropriate subject for forfeiture. *See* 18 U.S.C. § 983(c)(1)(3).

### 1. *Whether claimant's property is subject to forfeiture*

As of August 23, 2000, a suit brought under the forfeiture statute is governed by the "General Rules For Civil Forfeiture Proceedings."[2] Specifically, 18 U.S.C. § 983(c)(1) places the burden of proof on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. The statute also states in pertinent part: "if the Government's theory of forfeiture is that the property was used ... to commit ... facilitate ... or was involved in the commission of a criminal offense ... the Government shall establish that there was a 'substantial connection' between the property and the offense." 18 U.S.C. § 983(c)(3). If the government does so, the burden shifts to the claimant to present, by a preponderance of the evidence, that "the claimant did not know of the conduct giving rise to the forfeiture, or, upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A)(i),(ii). According to the government's opposition

---

1. The claimant has not specified the length of time that his business has been in operation.

2. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), applies only to those forfeiture proceedings "commenced on or after

[August 23, 2000]." *See* Pub.L. No. 106–185, § 21, 114 Stat. 202, 225, 18 U.S.C. § 983, historical and statutory notes (U.S.C.A.Supp. 2000). This forfeiture proceeding was commenced on November 15, 2002, thus it falls under CAFRA.

to claimant's cross-motion for summary judgement, the claimant's property is appropriate for forfeiture because the currency was used in an exchange for illegal substances. (*See* Docket 36, p. 4 ¶ 3). Accordingly, the government must show that a "substantial connection" existed between the currency and the claimant's drug trafficking. The government, however, did not specify the alleged use of the Rolex, thus the preponderance-of-the-evidence standard applies. *See* 18 U.S.C. § 983(c)(1) (preponderance standard); 18 U.S.C. § 983(c)(3) (substantial connection language).

Prior to the enactment of the Civil Asset Forfeiture Reform Act ("CAFRA"), the government met its initial forfeiture burden by showing probable cause. *United States v. 221 Dana Avenue*, 261 F.3d 65, 67 (1st Cir.2001). This, of course, is a lower burden of proof than the preponderance-of-the-evidence standard. *Id.* at 67 n. 1. Unfortunately, there is an absence of First Circuit case law to aide this Court in its application of the new, higher burden of proof as applied to the government.

First Circuit opinions defining the preponderance-of-the-evidence standard are few and far between. On one occasion, the First Circuit noted the standard was met when, "[a]fter the evidence has been weighed, th[e] proposition has been proved if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there." *O'Leary v. U.S. Lines Co.*, 215 F.2d 708, 715–716 (1st Cir.1954). Black's Law Dictionary defines preponderance of the evidence in a similar fashion, stating "... sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Black's Law Dictionary* 1201 (7th ed.1999). The controlling issue is whether, consistent with the summary judgment standard, the government has presented enough evidence to connect claimant's drug trafficking to the currency and Rolex, or, to put it another way, whether the government, taking the record in the light most favorable to the claimant, has necessarily shown more than mere suspicion that the curency and Rolex facilitated the sale of drugs. *U.S. v. 28 Emery Street*, 914 F.2d 1, 4 (1st Cir.1990).

## 2. *The Government's Burden*

According to the government, claimant's property is subject to forfeiture because it was involved in an exchange for controlled substances. (*See* Docket 36, p. 2 ¶ 4). The main thrust to the government's argument is that the claimant pled guilty to the drug charges which gave rise to the present action. *Id.* The government's case-in-chief against claimant was built upon evidence that was seized from claimant's home during the execution of a federal search warrant. *Id.* The property at issue in this action was seized from claimant's home together with two clear plastic bags containing diazepam and lactose, which are common narcotic cutting agents. *Id.* The government also asserts that claimant has a prior drug trafficking record and was convicted in a conspiracy to distribute heroin and cocaine. *Id.*

According to claimant, the currency and Rolex are assets acquired from his construction business, Rosado Construction. (*See* Docket 32, p. 5 ¶ 2). The claimant argues that his construction business operated on a cash-only basis, and thus he needed accessible to him large amounts of cash. Tax records indicate that Rosado Construction averaged a gross profit of $52, 733.00 in 2001, with a net profit of $45,057.00. (*See* Docket 32, Exhibit A). The claimant has failed to produce any receipts for Rosado Construction, but did provide the Court with a photocopy of his

business card. (*See* Docket 32, Exhibit E). Claimant argues that evidence of his legitimate income from Rosado Construction is sufficient to explain the currency and Rolex seized from his home. *Id.*

The evidence before this Court shows that claimant's income from his construction business is at best a weak explanation for $31,750.00 in cash found at his residence. The Court is free to disregard factual assertions made in claimant's affidavit and brief because these documents are self-serving and not otherwise supported by competent evidence as required by Rule 56(e) of the Federal Rules of Civil Procedure. *Nieves v. Univ. of P.R.*, 7 F.3d 270, 276 n. 9 (1st Cir.1993). The amount of currency seized from claimant's home constitutes approximately seventy-five percent (75%) of his 2001 earnings. Claimant is married, pays a mortgage on his $120,000.00 home, has three dependant children, and is the only source of income for his family. (*See* Docket 31, p. 2, ¶ 2). Claimant also has three (3) luxury vehicles, which require a monthly payment of $2,800.00. *Id.* Even in the light most favorable to the claimant, the cost of his auto payments would exceed twenty-five percent (25%) of his 2001 income, thus leaving less than 75% of his income disposable. (*See* Docket 32, Exhibit A, p. 5). The Courts of Appeals for the Second, Fourth, Ninth and Eleventh Circuits have found that the most compelling case for forfeiture are those situations where law enforcement officers discover the property in close proximity to narcotics or drug paraphanelia. *See United States v. Residence at 3097*, 921 F.2d 1551, 1552 (11th Cir. 1991); *United States v. $95, 945.18 in U.S. Currency*, 913 F.2d 1106, 1107 (4th Cir. 1990); *United States v. Padilla*, 888 F.2d 642, 644–45 (9th Cir.1989); *United States v. $2,500 in U.S. Currency*, 689 F.2d 10, 12 (2nd Cir.1982). "Law enforcement officers demonstrate proximity through surveillance ... execution of valid search war-

rants, and guilty pleas and convictions for narcotics offenses." *United States v. $29,959.00 in U.S. Currency*, 931 F.2d 549, 550 (9th Cir.1991). Here, the $21,510.00 in cash found inside a black duffle bag and the $10, 240.00 in cash found inside a beige safety deposit box were found in the same area of the house where the diazepam and lactose were found, and all items were seized pursuant to a federal search warrant. Moreover, the claimant pled guilty to the drug conspiracy charge arising from the execution of that search warrant, and which gave rise to the present action.

■ The Court finds that the claimant has failed to bring forth a genuine issue of material fact, as most of his assertions rely on self-serving documents that are not supported by competent evidence as required by Rule 56(e) of the Federal Rules of Civil Procedure. Here, the Court is not weighing the evidence, but has concluded that the claimant has failed to establish a trialworthy issue because his assertions are based upon "conclusory allegations, improbable inferences and unsupported speculation.'" *Suárez v. Pueblo Int'l Inc.*, 229 F.3d 49, 53 (1st Cir.2000) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990)). Accordingly, the Court finds that the government has presented sufficient evidence to connect claimant's drug trafficking to the currency seized from claimant's home.

■ The government, however, has failed to illustrate a link between the claimant's Rolex watch and his drug trafficking. The government has not assigned a monetary value to the Rolex, nor has it provided this Court with a fair market value for the watch. The government has simply stated that the Rolex is traceable to the exchange of controlled substances. The claimant could have purchased the Rolex with drug proceeds, but viewed in the light most favorable to the claimant,

the government has failed to support its claim past mere suspicion. The Court finds that the government has presented insufficient evidence to connect claimant's drug trafficking with claimant's Rolex.

### 3. The Claimant's Burden and the Innocent Owner Defense

Claimant contends, in the alternative, that he is an "innocent owner" and that the currency and Rolex therefore are not subject to forfeiture. (*See* Docket 17, p. 2 ¶ 3). The "innocent owner" defense allows the claimant to present, by a preponderance of the evidence, that "[he] did not know of the conduct giving rise to the forfeiture, or, upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A)(i),(ii).

Unfortunately, the claimant does little to support this claim.[3] In response to the government's motion for summary judgment, the claimant filled an opposition memorandum that mainly discusses the government's failure to meet its burden, to wit, that the government's evidence is insufficient to subject claimant's property to a forfeiture proceeding. (*See* Docket 32, p. 4–7). In fact, claimant fails to mention the "innocent owner" defense in his opposition motion or his cross-motion for summary judgment, except to state that "to the extent the government has moved for summary judgment on a claim that Mr. Rosado–Sierra is not an 'innocent owner' of

these items, this does not entitle the government to summary judgment under Fed. R. Civ. Rule 56(c)." In a footnote, however, the claimant does explain that "[a]lthough the government moves for summary judgment based exclusively on the innocent owner defense asserted in Mr. Rosado's answer to the complaint … [w]e stress that [claimant] also allege[s] that the complaint failed to state a cause of action as his first affirmative defense." (*See* Docket 32, p. 4 n. 1). These statements are the only two references in claimant's opposition memorandum and cross-motion for summary judgement that address claimant's possible innocent owner defense. Nowhere in either memorandum does claimant address his lack of knowledge of the conduct giving rise to the forfeiture, or his reasonable attempts to terminate the use of his property. *See* 18 U.S.C. § 983(d)(2)(A)(i),(ii). To be sure, this defense is a difficult one for a claimant whom has been convicted of the very crime that gave rise to the forfeiture action. Even in the light most favorable to the claimant, he has failed to raise sufficient evidence to prove, by a preponderance of the evidence, that he is an innocent owner within the meaning of the CAFRA statute.

### IV. Conclusion

**WHEREFORE,** for the reasons stated herein, the government's motion for summary judgment (Docket No. 31) is hereby **GRANTED** as to the currency and **DE-**

---

**3.** Claimant also asserts in his answer that the present forfeiture action violates his Fourth, Fifth, and Eighth Amendment rights under the United States Constitution. (*See* Docket 11, p. 2–3). Claimant fails to develop these claims elsewhere in the record. Whether civil forfeiture constitutes a *per se* violation of the Eighth Amendment is an issue the First Circuit has yet to decide, but circuit precedent seems to indicate that this claim is dealt with on a case-by-case basis. *United States v. Ve-*

*lazquez,* 68 F.3d 455, 456 (1st Cir.1995). At the very least, claimant must raise to this Court an "inference of gross disproportionality." *Id.* Claimant has failed to do so. Claimant makes further blanket assertions of Fourth and Fifth Amendment violations in his answer, but fails to develop these arguments elsewhere in the record. Accordingly, this Court cannot address claimant's alleged constitutional violations without claimant at least providing an indicia of evidentiary support.

**NIED** as to the Rolex watch. The Clerk of Court shall enter judgment accordingly.

The claimant's cross-motion for summary judgment (Docket No. 32) is hereby **DENIED**.

**SO ORDERED.**