**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1366

UNITED STATES,

Plaintiff, Appellee,

v.

$21,510.00 IN U.S. CURRENCY, ET AL.,

Defendants,

_____

JORGE L. ROSADO-SIERRA,

Claimant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpi, U.S. Magistrate Judge]

---

Before

Boudin, Chief Judge,

Torruella and Howard, Circuit Judges.

---

Lorenzo J. Palomares, Lorenzo Palomares, P.A., on brief for appellant.

H.S. Garcia, United States Attorney, Miguel A. Fernandez, Assistant U.S. Attorney, and Isabel Munoz-Acosta, Assistant U.S. Attorney, on brief for appellee.

---

July 20, 2005

---

**Per Curiam**. Claimant Jorge L. Rosado-Sierra appeals from the district court's decision to grant the motion of the United States for entry of summary judgment in this in rem action for forfeiture of approximately $31,000 in U.S. currency. He seeks reversal on the grounds that there is a genuine issue of material fact which remains controverted and that the magistrate judge to whom the case was referred should have recused himself because he represented Rosado-Sierra in an earlier action pursuant to 28 U.S.C. § 2255. For the reasons we stated in our November 16, 2004 order, we reject the government's argument that this appeal is untimely.

I. Recusal

With respect to Rosado-Sierra's claim that the magistrate judge should have recused himself from presiding over this case because of his prior representation of Rosado-Sierra, that argument was not raised in the district court. To the contrary, Rosado-Sierra submitted a statement expressly consenting to the referral of the case to the Magistrate Judge.[1] "Our law is clear that a party ordinarily may not raise on appeal issues that were not seasonably advanced (and, hence, preserved) below." Daigle v. Maine Medical Center, Inc., 14 F.3d 684, 687 (1st Cir. 1994). Appellant

---

[1] Because it was not presented to the district court, we do not consider Appellant's claim that his attorney filed the consent form without Rosado-Sierra's knowledge or consent.

has forfeited that issue and we see no sufficient basis warranting excusing the forfeiture.

II. Summary Judgment

The Civil Asset Forfeiture Reform Act (CAFRA) applies to civil forfeiture cases which, like this one, were commenced on or after August 23, 2000. "CAFRA heightens the government's evidentiary burden in civil forfeitures." United States v. Funds in Amount of $30,670.00, 403 F.3d 448, 454 (7th Cir. 2005). The government has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. § 983(c). (Formerly the standard was probable cause.) To meet this burden, the government may rely on evidence obtained after the filing of the complaint for forfeiture. Furthermore, where (as in this case) the

> Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

§ 938(c)(3).

To satisfy its burden, the government relied upon the following uncontested facts:

> the $21,510.00 in cash found inside a black duffle bag and the $10,240.00 in cash found inside a beige safety deposit box were found in the same area of the [claimant's] house where the diazepam and lactose were found,

-3-

> and all items were seized pursuant to a federal search warrant. Moreover, the claimant pled guilty to the drug conspiracy charge arising from the execution of that search warrant, and which gave rise to the present action.

United States v. $21,510 in U.S. Currency, 292 F. Supp. 2d 318, 322 (D. Puerto Rico 2003). The record also reveals that a canine search indicated the presence of controlled substances on the seized currency. As part of his guilty plea, Rosado-Sierra specifically admitted to discussing the purchase of narcotics with a co-conspirator in February, 2002, less than four months before the seizure of the currency.

These facts are probative of a connection between the seized currency and drug trafficking. "A claimant's record of drug activity is a highly probative factor in the forfeiture calculus." United States v. $67,220.00 in U.S. Currency, 957 F.2d 280, 286 (6th Cir. 1992). See United States v. $87,118.00 in U.S. Currency, 95 F.3d 511, 519 (7th Cir. 1996); United States v. $19,960.00, 897 F.2d 1457, 1462-63 (8th Cir. 1990). A large amount of hidden currency "is strong evidence of . . . an illicit connection to drug trafficking." United States v. $149,442.43 in U.S. Currency, 965 F.2d 868, 877 (10th Cir. 1992). The fact that drugs were not found on the scene when the cash was seized "is not fatal to the government's case." United States v. One Lot of U.S. Currency($36,634), 103 F.3d 1048, 1055 (1st Cir. 1997). The dog's alert to the presence of controlled substances on the

-4-

seized currency "weighs some, but not a great deal on the scale." Id. at 1056.[2]

To demonstrate that the currency was not connected to drug trafficking, Rosado-Sierra relied upon his declaration that the currency was "the proceeds and working capital of [his] legitimate business Rosado Construction." In his answer to interrogatories, Rosada-Sierra stated that Rosado Construction "operated on a cash-payment basis with its clients." He submitted copies of his tax returns for 1999-2001. The 2001 return reported gross income from Rosado Construction of $126,476 and expenses of $89,528, resulting in net income of $36,948. Rosado-Sierra points out that the expenses included depreciation of capital equal to $16,511, so that the total after tax proceeds from the business were $52,733.

Even if the information from the 2001 tax return is accepted as true, Rosado-Sierra still has not created a genuine issue of material fact. As explanation for the presence of the large quantity of cash at his apartment, Rosado-Sierra maintains that Rosado Construction was operated on a "cash payment basis"

---

[2] It is appropriate to rely upon forfeiture case law decided before the enactment of CAFRA. Although those cases applied the less-burdensome probable cause standard, "[f]actors that weighed in favor of forfeiture in the past continue to do so now - with the obvious caveat that the government must show more or stronger evidence establishing a link between forfeited property and illegal activity." United States v. Funds in Amount of $30,670.00, 403 F.3d 448, 469 (7th Cir. 2005).

but has provided no receipts or other documentation of that fact and no explanation for the absence of documentation. See United States v. Funds in Amount of $30,670.00, 403 F.3d 448, 468 (7th Cir. 2005)(affirming summary judgment in government's favor where claimant "provided no receipts or other proof regarding origins of the cash"). Moreover, "the government introduced much more to show [a substantial connection between currency and drug trafficking] than simply a comparison of [Rosado-Sierra's] income with his expenditures." United States v. Parcels of Land, 903 F.2d 36, 42 (1st Cir. 1990). In these circumstances, we conclude that no rational factfinder could permissibly credit Rosado-Sierra's undocumented assertion.

Rosado-Sierra argued in his opposition to summary judgment that the fact that "alleged cutting agents were found in Mr. Rosado-Sierra's residence the day of the search proves nothing **in the absence of any evidence of recent criminal activity**." Dkt No. 32, p. 7 (emphasis added). He further argued that his indictment based on intercepted conversations that occurred two years prior to the search could not establish the requisite substantial connection between the seized currency and drug trafficking. However, as part of his guilty plea, Rosado-Sierra admitted to having discussed with other indicted co-conspirators the purchase of narcotics in February 2002, less than four months before the seizure.

Based on the totality of circumstances, and reviewing the district court's determination de novo, we conclude that Rosado-Sierra has not created a genuine issue of material fact. Therefore, the district court order granting the government's motion for summary judgment is <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).